By the Court,

Nelson, C. J.
Whether the learned judge was correct or not, in charging that the plaintiff, McMasters, was entitled to recover for the whole loss in the names of the plaintiffs, if he had purchased the share of his co-partner before the fire, is a question not material to decide ; because he submitted the distinct fact to the jury, upon which the point of law rested, and they have found that no such purchase was made. This finding renders the opinion expressed wholly unimportant in the case.
*291 The course the judge took on the trial in submitting certain questions to the jury, with a view to avoid the necessity of a second trial, was objected to : but such course is not uncommon at the circuits where a doubt is entertained upon the law ; it cannot operate to the prejudice of either party, and frequently avoids the trouble and expense of a new trial. It is "in the nature of a special verdict, which the jury may always [ *382 ] find. 2 R. S. 421.
I think the judge was right, also, in submitting to the jury whether the company were not concluded from taking exceptions to the preliminary proofs. Although repeated communications had taken place with the officers and agents of the company, and in some instances, in pursuance of directions from the board, after the preliminary proofs were delivered, no such ground was taken. On the contrary, the fair inference from all the proof in the case is, that other grounds were put forth and mainly relied upon to defeat the recovery. The law is well settled, that if there be a formal defect in the preliminary proofs, which could have been supplied had an objection been made by the underwriters to payment on that ground, if they do not call for a document, for instance, or make objection on the ground of its absence or imperfection, but put their refusal upon other grounds, the production of such further preliminary proofs will be considered as waived. 16 Wendell, 401; 10 Peters, 507. There are few cases that come before us, presenting stronger claims to the application of this rule than the present one, or that better exemplify its propriety and justice. The agents were neighbors of the assured, in daily communication with him on the subject of his claim ; some of them obviously seeking for the means of defeating it by enquiries into the situation and title of the property destroyed, and by interrogation of the parties, and yet no distinct objection taken as to the preliminary steps, that might now be regarded as fatal. Had the objection been made in the course of these interviews, the defects might at once have been remedied, as is obvious from the authorities already referred to.
New trial denied.