## WALKER *vs.* SAWYER.

Where two persons were interested together in certain timber, and one sold his interest to the other, after which the latter commenced an action of trover against a third person, to recover damages for the conversion of some of the timber ;— *Held*, that the former had no interest in the suit, and was a competent witness for the plaintiff.

Where a witness is examined upon the *voire dire*, and testifies to facts showing that he has no interest in the suit, and is thereupon admitted to testify ; after which evidence is introduced which tends to contradict the statements of the witness respecting his interest, but the facts upon which the question of interest depends are left in doubt, the jury must weigh the evidence upon that point, and if they believe he is interested, lay his testimony out of the case.

*It seems* that no timber can be regarded as forfeited, under the provisions of the statute of December 28th, 1805, by reason of its having floated upon the land of another person, and of its having remained there, unless the damage has first been appraised.

The court may enquire of the jury respecting their verdict, and the grounds upon which they proceeded, for the purpose of ascertaining whether the case has been properly tried.

Where the case is tried upon the general issue, the court cannot submit a particular question of fact to the jury, to be found and returned by their verdict, except by the consent of parties.

But if the parties consent to have a question submitted to the jury, for the purpose of finding a particular fact, the answer of the jury, finding that fact, is conclu-

sive, so far as that trial is concerned. And the answer of the foreman of the jury is to be taken as the answer of the jury, no objection being made by any other juror.

TRESPASS, for cutting in pieces, and carrying away, a pine tree of the plaintiff. The writ was dated the 25th of December, 1840.

The plaintiff offered Darius Nichols as a witness ; to whom the defendant objected, that he was a joint owner with the plaintiff of certain timber of which the plaintiff alleged this tree to be a part, and therefore incompetent. Upon examination by the defendant, Nichols testified that in the spring of the year 1840 he was jointly interested with the plaintiff in the purchase of a quantity of timber,—that he did not know that the plaintiff had any other timber than that in which he had an interest,—that in the month of October, or November, 1840, he sold to the plaintiff all his interest in the timber,—that after the sale the plaintiff took the entire charge of the timber, and he had taken no charge of it since,—and that he had no interest whatever in the timber, or in the tree in question.

The court ruled that the witness was competent, and he was admitted to testify.

The defendant having argued to the jury that Nichols could not be credited, because there were circumstances going to show that he was still a partner with the plaintiff, the court instructed the jury that although Nichols was permitted to testify, yet, if taking his testimony and all the circumstances of the case together, they believed him still to be a partner, they might lay his testimony out of the case.

The defendant contended also that the tree was brought upon his land by a freshet, which happened in June, 1840, or by another freshet on the 29th, 30th, and 31st days of October ; and that, as it was on his land after the 1st of November, 1840, it became forfeited, by the act of December 28th, 1805. The court instructed the jury that if the timber came upon the land of the defendant between the first day

Walker *v.* Sawyer.

of May and the first day of November, the plaintiff was entitled to a reasonable time within which to remove the timber, before it became forfeited;—that the defendant was not bound to notify him that it was on his land, but that the plaintiff, if he saw fit to trust his property to the hazard of a freshet, was bound to exercise careful diligence and supervision over it, and to be on the watch for accidents of this kind; and if it came upon the land of the defendant so short a time before the first of November as not to allow the plaintiff a reasonable time to remove it before that time, it did not on that day become forfeited;—that if the jury were unable to determine whether it came upon the land on the 29th, 30th, or 31st days of October, or on the 1st of November, they were to find against the forfeiture;—and that if the timber came upon the land after the 1st of November, or if the land of the defendant was not improved land, the question of forfeiture need not be considered, and they need not enquire as to the day. The court also directed the jury, that if, under these instructions, they found for the plaintiff, and found that the timber came upon the land on either of the three last days of October, or on the 1st of November, they should specify the day on which it so came, when they returned their verdict.

The jury returned a verdict for the plaintiff. Upon the announcement of the verdict, the counsel for the defendant suggested that the jury had specified no day when the timber came upon the land, and that the foreman should be asked, and he was asked by the court, if the jury had ascertained the day; to which he replied that they had not ascertained the day, because they found that the land was unimproved land.

The defendant excepted to the instructions of the court, in relation to the forfeiture; and contended that the information thus acquired, in relation to the ground on which the jury found their verdict, did not destroy the force of the defendant's objections;—that the presumption was that the verdict was influenced by the opinion of the court;—and

that, there being no special verdict, this presumption could not be rebutted, either by the affidavits of the jurors or the answer of the foreman in open court.

*Bellows,* for the defendant. The first question is, whether a witness, shown to be interested, can be permitted to purge himself of that interest. If the witness undertakes to say that he has sold out, his interest having been shown, that is a matter which may and should be proved by other evidence. 2 *Stark. Ev.* 756.

2. The statement of the foreman of the jury cannot be received to affect the case. It would not be competent to take the affidavits of the jurors, as to the grounds upon which they proceeded in their verdict. 4 *N. H. Rep.* 116, *Tyler* vs. *Stevens ;* 14 *Mass. R.* 245, *Bridge* vs. *Eggleston.* They cannot be permitted to testify as to the inducements which operated upon them, nor to prove that they were not influenced by particular matters laid before them. 5 *Mass. R.* 405, *Whitney* vs. *Whitman.*

*Thompson,* for the plaintiffs. The first question, as stated by the counsel on the other side, does not arise. It does not appear that Nichols was ever interested in the suit. He was once interested in the tree, but afterwards sold out.

If he were a joint owner, he would only be interested in the question and not in this case. If the defendant omits to plead abatement in such case, he severs the cause of action, and one may recover for his share. 1 *Chitty's Pl.* 56.

Where the interest is supposed to result from matter *aliunde,* the question of interest may be left to the jury.

We have such confidence in the instructions to the jury, that we do not think it necessary to argue the right of the court to put questions to the jury.

*Bellows,* in. reply. The plaintiff and the witness were partners, and not tenants in common.

Walker *v.* Sawyer.

PARKER, C. J. The case before us does not show the time of the conversion, nor does it appear to be material. If Nichols had sold his interest in all the timber, as he testified, he had no interest in the suit, whether the sale was before or after the time when the defendant took the tree. If the conversion were before the sale of his interest, he at the time had cause of action, and perhaps should have been joined in the action, although the recovery after the sale would be for the benefit of the plaintiff. But the objection is not that he ought to have been joined, but that he is interested in the recovery.

The direction to the jury, to lay his testimony out of the case if, upon the whole evidence, they believed him to be interested, was correct. *Greenl. Evid.* 472. Notwithstanding his evidence had been heard upon his own statement, showing that he had no interest, still, if in the course of the trial it had been clearly made to appear that he had an interest, the court must have directed the jury to lay his evidence aside, as incompetent. 6 *N. H. Rep.* 333, *Hamblett* vs. *Hamblett.*

If this matter was not made to appear clearly to the satisfaction of the court, but was left in doubt, the jury must find whether he had an interest or not, and receive or reject his evidence accordingly.

We are inclined to think that by the statute of December 28, 1805, (*N. H. Laws, Ed.* 1815, 397 ; *and see* 2 *N. H. Laws, November session,* 1832, *page* 86,) no lumber is to be regarded as forfeited except where the damage has been appraised.

According to the provisions of that act, if the lumber come upon improved land, and is not taken away on or before the first day of May annually, it shall be lawful for the owner of the land to detain it in his possession, until the owner pays all damage sustained by reason of its lying upon the land. If the parties do not agree, provision is made for the assessment of the damages, by the selectmen or by justices of the peace.

Provision is then made, that if it shall not be removed on or before the first day of November, annually, the owner of the land may take and convert it to his own use. But if the damage and cost have been paid, the owner of the lumber shall have liberty to remove it any time between the first of November and the first of May, then next.

It could hardly have been intended that where the lumber should come upon the land on the 31st of October, it should be forfeited within two days after, without any appraisal.

If this construction of the statute be correct, the defendant had no right to claim the tree as forfeited; for the damage had not been appraised, and it is immaterial on what day it came upon the land, or whether the land was improved or unimproved.

But the fact that the lumber came upon the unimproved land of the defendant is well ascertained in this case, and it is, therefore, not necessary to settle the construction of the statute, at this time.

It is a common course to submit questions to the jury, by consent, for the purpose of having particular facts found; and in *McMasters* vs. *The Westchester Mut. Ins. Co.*, 25 *Wend.* 379, it is held that this may be done, even against the objection of one of the parties.

We are not disposed to doubt that the court may enquire of the jury touching their verdict, and the grounds upon which they proceeded, for the purpose of ascertaining whether the case has been properly tried. 5 *Pick. R.* 296, *Hix* vs. *Drury;* 6 *Pick. R.* 206, *Peirce* vs. *Woodward;* 9 *Pick. R.* 426, *Parrott* vs. *Thatcher;* 12 *Pick.* 521, *Dorr* vs. *Fenno;* 6 *Shepley* 87, *Smith* vs. *Putney.*

But in *The Mayor of Devizes* vs. *Clark*, 3 *Adolph. & Ellis* 506, it is held that the jury have a right to find a general verdict, (the case being tried upon the general issue,) and cannot be required to find a particular fact.

And we are of opinion that where the case is tried upon the general issue, the court cannot submit a particular ques-

tion of fact to the jury, to be found and returned by their verdict, except by consent of the parties. If either party insists upon that course, the court must direct the jury upon the whole case, and the jury may then return a general verdict. The issue framed between the parties, which is the matter to be tried, clearly indicates this.

But the jury may, at their pleasure, return a special verdict, if they find facts sufficient for the decision of the case.

In this case, however, there was the consent of the defendant to the course which was pursued, and he cannot now object to the direction which was given to the jury, or to the enquiry which was afterwards made of the jury at his own suggestion. The enquiry was made to ascertain a fact, and the answer must be regarded as settling the fact stated by the foreman, for the purposes of that trial.

The answer of the foreman in such cases must be taken as the answer of the jury, no objection being made by any other juror.

*Judgment on the verdict.*