Willard *v.* Stevens.

## WILLARD *v.* STEVENS.

Where the contract upon which the suit was brought was in these words: " Newton, June 27th, 1849. Mr. Jeremiah Willard bought one red horse, six years old, for one hundred and twenty-five dollars, which I warrant sound and kind," and signed by the defendant—*Held*, that the age was matter of description, and that the warranty applied only to the soundness and kindness.

Exceptions to the instructions of the court to the jury which go to matters of form and practice merely, must be taken before the case is finally submitted to the jury.

Where the action was brought upon a contract of warranty, both of the age and soundness of a horse, and the court instructed the jury that they might assess the damages separately; and the jury accordingly found forty-four dollars for the unsoundness, and eighteen dollars for the deficiency in the age, and no exception was taken to the form of the instructions till after the verdict was returned—*Held*, that it was then too late to take the exception; that it should have been taken before the jury retired, when the form of the instructions could have been changed.

Where the jury, under the instructions of the court, returned separate amounts for specific breaches of contract, and the defendant was liable for only one amount returned—*Held*, that the plaintiff might take judgment on the verdict for that amount, provided he would remit the balance.

ASSUMPSIT, on a contract of warranty in the sale of a horse. The declaration contained two counts. The first alleged that the defendant warranted the horse to be six years old, and to be sound and kind, and set forth as a breach of the warranty that he was but five years old, and was unsound from having been foundered; and the second alleged that the defendant warranted the horse to be sound and kind, and set forth as a breach that he was unsound, having been foundered. Plea, the general issue.

To show the warranty the plaintiff introduced the following writing:

" Newton, June 27th, 1849. Mr. Jeremiah Willard bought one red horse, six years old, for one hundred and twenty-five dollars, which I warrant sound and kind.

" Signed, Charles Stevens."

The plaintiff then introduced evidence tending to show that the horse was diseased, and was but five years old at the time of the warranty, as alleged in the declaration; and a portion of his evidence relative to the age of the horse had a tendency to shew that the defendant knew his age to be but five years at the time of the warranty.

It was objected on the part of the defendant that the written contract did not contain a warranty of the age of the horse, and that evidence to prove his age was for that reason inadmissible; but the court held, for the purposes of the trial, that the written contract contained a warranty that the horse was six years old, and admitted the evidence, subject to the exception.

The court instructed the jury that the written contract was a warranty by the defendant that the horse was six years old, and was sound and kind; and that if they were satisfied, upon the evidence, that the horse was but five years old, or was unsound at the time of the warranty, then their verdict should be for the plaintiff, and that the measure of damages should be the differ-

ence in the value of the horse as he was warranted to be, and as he in fact was at the time of the warranty. The court further instructed the jury that it was immaterial whether the defendant knew that the horse was but five years old, or was unsound; and that if they found upon both grounds for the plaintiff, they might assess the damages separately, specifying in their verdict what damages they awarded because the horse was five years old, and what because he was unsound; and that if they found for the plaintiff upon one of those grounds only, they should specify which, in order that a proper judgment might be rendered, if it should be held that the written contract did not in law contain a warranty as to the age of the horse.

No objection was made by either party to this mode of rendering the verdict, until after the verdict had been returned. The jury found for the plaintiff, and in their verdict assessed the damages at eighteen dollars for breach of the warranty on account of the age of the horse, and forty-four dollars on account of his unsoundness. The defendant moved to set the verdict aside, and for a new trial, for alleged error in the rulings of the court and the instructions given to the jury; and the questions were assigned to this court for their determination.

*Burns* and *Fletcher*, for the defendant. A written instrument may consist partly of a warranty and partly of a representation. Oliphant on Horses, 79, 80. Thus, where the following receipt was given on the purchase of a horse: "Received of Robert Dickenson £100 for a bay gelding got by the Cheshire Chuse," and was warranted sound, and an action was brought on an alleged breach of the warranty, on the ground that he was not bred in the manner above described, chief justice *Dallas* held that the warranty was confined to the soundness, and the statement that he was got by the Cheshire Chuse was a mere representation. *Dickenson* v. *Gapp*, Hilary T., 1821.

Also, where a receipt on the sale of a colt contained the following words after the date, name and sum: "for a grey four years old colt, warranted sound in every respect," and the

Willard *v.* Stevens.

colt turned out to be only three years old, chief justice *Tindall* nonsuited the plaintiff who had brought an action on that ground, and said, " I am of opinion that the first part of the receipt contains a representation, and the latter part a warranty. In the case of a representation, to render the party making it liable, the facts stated must be untrue to his knowledge. In the case of a warranty, he is liable, whether they are within his knowledge or not."

The court of common pleas discharged a rule *nisi* for setting aside the nonsuit, and Mr. Justice *Alderson* said, " a warranty must be complied with, whether it is material or not; but it is otherwise as to a representation. If the word ' warranted' had been the last word, I should have held that it extended to the whole." *Budd* v. *Fairmanner*, 5 Carr. & Payne 78; 1 Bingham 344; 8 J. B. Moore 338.

Whether the horse was six years old or not was a fact not competent to be submitted to the jury. We find no American decisions direct to the point, but the English authorities go to show that the age was not warranted. The admission of improper evidence on the point of age, had a tendency to prejudice the jury in the question of unsoundness.

A verdict is an entire thing. A case cannot be submitted to the jury in the manner which this was done.

*Flint* and *Heywood*, for the plaintiff. The first question in this case is, does the bill of sale contain a warranty as to the age of the horse ? The plaintiff contends that the whole bill of sale is the language of the defendant, and the plaintiff has the right to rely upon every part of it and every representation contained in it. *Hastings* v. *Lovering*, 2 Pick. Rep. 214; *Morrill* v. *Wallace*, 9 N. H. Rep. 111.

It is clear that in an action of assumpsit on an express warranty, it is wholly immaterial whether the defendant knew of the defects or not.

2. If there was any objection to the direction of the court to the jury, as to the manner of assessing the damages upon the dif-

ferent breaches of the contract, it should have been made before the jury retired, and was waived by not having been objected to. But we think that there is no objection to that course.

3. The measure of damages is the difference between the value of the horse, as he was warranted to be, and as he in fact was at the time of the warranty.

If the representation of the age stood alone, there would be no doubt as to the construction of the written warranty. The case cited from 2 Pick. Rep. is strong enough to sustain us if the latter clause had not been in. But if the court shall come to the conclusion that there was no warranty of the age, then we are entitled to our verdict for the $44.00 for the unsoundness. The verdict ought to stand for that amount if no more.

EASTMAN, J. The principal question in this case arises upon the construction to be given to the written contract of warranty in the sale of the horse. Contracts are to be construed according to the intention of the parties, to be collected from the sense and meaning of the language used. And where the terms used to express the agreement are doubtful, but the intent of the parties is manifest, it is the duty of the court to give such meaning to the terms as will best answer the intent.

The contract upon which this suit was brought is as follows: " Mr. Jeremiah Willard bought one red horse, six years old, for one hundred and twenty-five dollars, which I warrant sound and kind ;" and signed by the defendant. The action is not case for a deceit, but assumpsit on the contract, and hence we are to look to the agreement itself to ascertain the intention of the parties. What was their intention ? To what did the warrant extend ? Did Willard understand, and did Stevens intend, that the warranty should extend beyond the soundness and kindness, or not ? Had the contract read, " Jeremiah Willard bought one red horse, six years old, for one hundred and twenty-five dollars, sound and kind," there would be no great difficulty in holding, that whatever of warranty was to be found in the agreement would apply to all its material parts. But inasmuch as the word *war-*

*rant* is introduced into the contract, and in immediate connection with the soundness and kindness, can it relate back to the age? The defendant sells a red horse, six years old, for one hundred and twenty-five dollars, and warrants him sound and kind. Now if it had been the intention to warrant the age as well as the soundness and kindness, it could very easily have been so said, and we think it would have been. The defendant does not say, I warrant the horse six years old, but "I warrant him sound and kind;" and in order to make the warranty apply to the age the contract must be divided. It must be held that the intention was, first, to warrant the age by implication, and then to make an express warranty of the soundness and kindness. We think there can be but little doubt as to the true construction to be put upon this contract; that the age is matter of mere description, and that the warranty applies only to the soundness and kindness.

Had, therefore, the verdict been a general one, we should have been obliged to set it aside; but the jury, under the instructions of the court, having passed upon both branches of the question, there is no difficulty in entering judgment for the amount returned as damages on account of the unsoundness, if the plaintiff will remit the amount found for the deficiency in the age.

The exception to the instructions given to the jury to return specially the amount found upon each branch of the question, comes too late. Where a case is tried upon the general issue, as was done here, the court cannnot submit a particular question of fact to the jury, to be found and returned by their verdict, except by the consent of the parties. *Walker* v. *Sawyer*, 13 N. H. Rep. 191. But it is no uncommon practice to submit specific questions to the jury, and to give them particular instructions, in order that the questions of law arising upon the case may be clearly presented, and the litigation thereby more speedily terminated. Usually, perhaps, when the court propose to give other than general instructions, the intention is stated to the parties that the objections, if any, may be suggested. But this we do not conceive to be necessary. As the matter is one of

Willard *v.* Stevens.

practice, and the objection, if raised, could be obviated at the time by a change of the instructions from special to general, we have no hesitancy in saying that the exception should be stated before the case goes to the jury; that a party cannot be permitted to lie by and wait the result, and then raise his objection.

It was clearly the intention of the court to have the jury pass upon all questions of fact involved in the case, and leave the questions of law to be investigated or not, as might become necessary; and in so doing we think they pursued a very proper course. No prejudice could arise to the defendant by allowing the question as to the age to be gone into, as that question was kept separately from the other in the making up of the verdict. The jury would be quite as likely to assess the damages for the unsoundness at a lower sum, by reason of the amount assessed for the age, as they would had not the age been a subject matter of inquiry. But inasmuch as the questions were kept distinct by the court in their instructions, and separate amounts have been found for both, there is nothing from which we are to infer any thing different from the finding of the jury.

The plaintiff may take judgment on the verdict for the forty-four dollars, provided he will remit the eighteen.