# WILLIAMS *a.* WILLIS.

*New York Common Pleas; Special Term, April,* 1858.

### SPECIAL VERDICT.

The requisites of a special verdict under the Code are the same that they were before.

Certain facts in issue were admitted on the trial, and only one issue submitted, upon which the jury found "for the plaintiff."

*Held,* that the verdict was not to be deemed a special verdict, but taken with the admissions, was sufficient to support a judgment.

Motion for a new trial.

The facts appear in the opinion.

BRADY, J.—A special verdict prior to the Code was a statement of the facts found by the jury, upon which the judgment of the court was to be predicated. (*Co. Litt.* 3 *Blackstone's Com.,* 377; 2 *Rev. Stats.,* 2d ed., 341, § 68; *Grah. Pr.,* 2d ed., 318.) And the court would not look out of the special verdict for the facts of the case. (La Fromboris *a.* Jackson, 7 *Cow.,* 589, 600.) Nor would the court intend any thing which was not found. (Jenks *a.* Hallet, 1 *Cai.,* 60.)

In settling the special verdict it was not necessary that it should be drawn in form *at the trial,* but merely that the counsel should make a minute of the facts found specially by the jury, and deliver it to the judge; or that the judge should himself note the points; and that the special verdict be afterwards drawn up, amended, and settled, as prescribed by rule 38 of the late Supreme Court. (*Grah. Pr.,* 2d ed., 318.) The Code (§ 260) defines a general verdict to be that by which the jury pronounce generally upon all or *any* of the issues, either in favor of the plaintiff or defendant; and a special verdict that by which the jury find *the facts,* only leaving the judgment to the court. Where the verdict is special, therefore, it must now embrace all the facts, leaving the judgment to the court, and does not differ in the requisites of a special verdict recognized, as shown, before the Code took effect. Where a single issue is presented, the jury may pronounce generally, and in favor of the plaintiff or defendant, a proceeding approved prior to the Code, and regarded as a finding *in the nature* of a special verdict. (McMaster & Bruce *a.* The Western Mutual Insurance Co., 25 *Wend.,* 379.) It is also provided by section 261 of the Code, that in *all cases* the court may instruct the jury, if they render a general verdict, to find upon particular questions of fact to be stated in writing, and may direct a written finding thereon.

In this case the facts that the work performed and the materials furnished, to recover for which the action was brought, had been done and furnished by the plaintiff, and the amount he was entitled to receive, were agreed upon and admitted, but the defendant denied that the contract therefor was made by her with the plaintiff, as alleged on the complaint. On that issue the jury found " in favor of the plaintiff " in the language of

section 261. That fact alone would not be sufficient to enable the court to pronounce judgment, even if the jury had answered "yes," instead of finding as they did, because it would not appear from such finding, whether the work was done, or the materials furnished, or what amount the plaintiff was entitled to receive for his labor, if done, and materials, if furnished. The verdict was, therefore, not a special verdict. It may be regarded as a verdict in the nature of a special verdict as to one issue, or a special finding upon a particular issue. If any amendment of the verdict were necessary, the case of Burhans a. Tibbets (7 *How. Pr. R.*, 21), illustrates the power of the court to permit it to be made, but I think it unnecessary. The verdict of the jury left nothing incomplete, and the court, taking the admitted facts with the verdict of the jury, could have no hesitation as to the judgment to be rendered. (Barto a. Himrod, 4 *Seld.*, 483.)

Motion for a new trial denied, with ten dollars costs.