WARNER VS. THE PEORIA MARINE AND FIRE INSURANCE
COMPANY.

A fire policy issued by the Peoria M. and F. Insurance Company, through its agent at Milwaukee, contained a provision that if the assured should there-

after make any insurance on the property described therein and should not give notice thereof to the company and have the same indorsed on the policy or otherwise acknowledged by the company in writing, the policy should be of no further effect. The assured afterwards handed the policy to a person who was recognized by the company as its agent at Milwaukee to receive applications for insurance, issue policies and receive premiums, and applied to him for additional insurance on the property in other companies which he represented, and the agent, before receiving the premiums for the additional insurance or delivering the policies therefor, inserted in the first mentioned policy the words "*Other insurance permitted without notice till required. J. C. M.*" *Held*, that the insertion of that clause was within the scope of the agent's authority, and that the procuring of further insurance, without any other notice to the company, was not a forfeiture of the policy.

An agent of an insurance company who is authorized to issue policies and receive premiums, may, after a policy has been delivered by him to the insured, and before the payment of the premium, correct a misdescription in the name of the street on which the property insured is situate.

It was assigned for error that the court below allowed a copy of the preliminary proof of loss to be received on the trial, instead of requiring the production of the original; but the local agent of the company having testified, without objection, that he received notice of the fire and made out the proof of loss himself, it was *held*, 1. That this was sufficient evidence that the preliminary proof had been received by the agents of the company. 2. That as the insurance company did not object at the time to the sufficiency of such preliminary proof, it waived all objections on that ground.

June Term,
1861.

WARNER
v.
PEORIA M. & F.
INS. Co.

APPEAL from the County Court of *Milwaukee* County.

This was an action upon a fire policy issued August 11th, 1859, by the defendant through its agent at Milwaukee, containing the following conditions: "If the assured or his assigns shall hereafter make any insurance on the property herein described, and shall not give notice thereof to this company and have the same indorsed on this policy, or otherwise acknowledged by this company in writing, this policy shall cease and be of no further effect. * * All persons insured by this company and sustaining loss and damage by fire, are forthwith to give notice thereof to the company, or its agents, and shall also make proofs in the manner herein set forth, of the fire and of the loss and damage consequent thereupon." The principal grounds of defense were, that the policy had been altered after its execution, by striking out the word "Buffalo" and inserting the word "Chicago," in the description of the street on which the property insured was situate, and, by the procurement

of the plaintiff, had been further altered by the insertion of the words " Other insurance permitted without notice till required.   J. C. M.;" that the plaintiff had, after the issuing of the policy, effected insurance upon the same property in certain other companies, without giving the defendant notice thereof or having the same indorsed upon the policy or otherwise acknowledged in writing by the defendant; and that the plaintiff had neglected to give notice to the defendant of the alleged fire and consequent loss, and to make proof thereof as required by the policy.

On the trial, it appeared that one Ward was acting as agent for the defendant at Milwaukee at the time the policy was issued, and J. C. Montgomery was acting as the defendant's agent in that city at the time the clause in regard to additional insurance was inserted in the policy.   In January, 1860, the plaintiff effected additional insurance on the property in several other companies for which Montgomery was also acting as agent.   Montgomery testified that the clause referred to was inserted by him before the policies for additional insurance were delivered to the plaintiff, and before the premiums therefor were paid by him.   The evidence in regard to both of the alleged alterations in the policy is stated sufficiently in the opinion of the court.   After that evidence had been introduced, the plaintiff offered the policy in evidence, which was objected to by the defendants, and the objection was overruled.   The plaintiff was allowed, against the objection of the defendant, to read to the jury a copy of the preliminary proofs of his loss under the policy, but the testimony upon that point is also stated sufficiently in the opinion.   Montgomery testified that " the general agent of the defendant came to Milwaukee about two weeks after the fire, and then looked the matter all through."   The plaintiff then produced a letter from the secretary of the defendant, stating that one Holland was its general agent, and asked the witness Montgomery, " On your giving him, Mr. Holland, the preliminary proofs, and his investigating the circumstances of the loss, what did he say or do in reference to it?"   The question was objected to on the ground that no foundation had been laid for admitting in evidence

the statements of Mr. Holland, but the objection was over-
ruled.   The witness answered: "He took with him the proof
of loss, saying that he would lay the matter before the com-
pany, and they would probably do as other companies had
done, in settling the loss; he came back three or four months
afterwards, and said the company had had hard times, and
talked of paying $900." The witness also stated that he
did not know whether he notified the defendant of the addi-
tional insurance on the plaintiff's property or not, but might
have done so in his report.   The defendant made a motion
for a nonsuit because of the insufficiency of the plaintiff's
testimony, and because it appeared that the policy had been
forfeited and had become void by the alterations made in
it; but the motion was overruled.   Verdict and judgment
for the plaintiff.

*Smith & Salomon*, for appellant, argued that the provision
in the original policy requiring notice of any subsequent in-
surance, was a material one, which no person could change
or waive without authority from the company; that although
the alteration was made by its agent, the *extent of his agency*
had not been proved, and the alteration having been made
at the request of the plaintiff, the policy should not have
been received in evidence (1 Greenl. Ev, § § 564–568); that
the court erred in admitting secondary evidence of the pre-
liminary proofs, and in admitting the declarations of Hol-
land, as there was no evidence of what were his duties or
authority as general agent of the defendants; that the policy
itself seemed to make a distinction between notices which
may be given to agents and those which must be given to
the company.   A notice of the fire may be given "to the
company or its agents;" a notice of subsequent insurance
must be given "to the company." *Expressio unius est exclusio
alterius;* and the plaintiff ought to have shown that Mont-
gomery had authority from the company to receive such no-
tice of subsequent insurance and waive the same in writing,
particularly as the words he interlined are not an acknow-
ledgment of notice, but a waiver of all notice, and in direct
opposition to an express clause in the policy.   Story on
Agency, § 54.   Thus the plaintiff proved a forfeiture of the

June Term,
1861.

WARNER
v.
PEORIA M. & F.
INS. CO.

policy, which could only have been waived by the company or its agent thereto duly authorized, and the motion for a nonsuit should have been granted. *Carpenter vs. Providence Ins. Co.*, 16 Pet., 495, 512 ; *Same Case*, 4 How., 185 ; *Glidden vs. Manuf. Ins. Co.*, 1 Sum., 232 ; *Cockerell vs. Cin. Mut. Ins. Co.*, 16 Ohio, 148, 163.

*Butler, Buttrick & Cottrill*, for respondent :

The mistake in the description of the property was the mistake of the agent, and was rectified before the the premium was paid. The insufficiency of the preliminary proof was not assigned by the company as a reason for not paying the loss, and was thereby waived. 25 Wend., 379 ; 7 Cow., 462, 645 ; 16 id., 385 ; 7 Johns., 315 ; 9 id., 192 ; 20 Pick., 389 ; 6 Cow., 404 ; 2 Wend., 65 ; 23 id., 525 ; 2 Coms., 53 ; 2 Kern., 81 ; 11 Johns., 260 ; 8 id., 317. Before the plaintiff procured the additional insurance, the authority to do so was acknowledged in writing by the agent of the company, and there is nothing in the policy which forbids the agent from indorsing such authority, or in terms gives that authority to any one else.

November 2    *By the Court*, COLE, J. It appears to us that the objections taken to the admission of the policy in evidence are entirely untenable. It was objected that the policy appeared on its face to have been altered in two particulars : 1st, by striking out the word " Buffalo " and inserting the word " Chicago," in describing the streets upon which the property was situated ; and 2d, by the insertion of the clause in respect to any subsequent insurance. Now the respondent testifies in substance that Ward, the acting agent of the company at Milwaukee, called upon him before the policy was issued, and saw and inspected the property, and made out the policy on his own responsibility ; that when the policy was handed him, he observed that the description was wrong, and the next day took the policy to the agent, who corrected the mistake himself, by striking out the word " Buffalo " and inserting the word " Chicago ;" and that at this time no premium had been paid. He likewise explains when and by whom the clause, " other insurance permitted without notice

June Term,
1861.

WARNER
v.
PEORIA M. & F.
INS. CO.

until required," was inserted in the policy, and states that it was done in January, 1860, by Montgomery, when he effected his further insurance, Montgomery being at the time the acting agent of the appellant, as well as the agent of the other companies. This testimony is fully corroborated by that of Montgomery, who swears to the handwriting of Ward, and that the interlineation of the word " Chicago " was in his hand writing, and further that he inserted the clause as to subsequent insurance. This evidence is wholly uncontradicted, and sufficiently explains the interlineation and erasure in the policy. But it is said that it did not appear that the agents of the appellant had authority to make the interlineations, or receive and waive notice of subsequent insurance. The company, however, held them out to the world as its agents, authorized to receive applications for insurance, to issue policies, receive premiums &c.; and it is little less than a downright fraud upon .the public, to claim that such agents could not make a policy accurate in the description of the property insured, or insert such a clause in respect to subsequent insurance as was inserted in this policy. If insurance companies can avoid their liabilities on such grounds as these, there would be no safety in dealing with them. The respondent, when he applied for additional insurance in the Goodhue, Humboldt and Niagara companies, presented Montgomery, the agent of the appellant, as well as agent of those other companies, his policy, and had therein inserted in writing in the body of the instrument the clause permitting further insurance ; and we must hold that this was within the scope of the agent's authority.

It was further objected that the circuit court erred in permitting the respondent to give in evidence copies of proofs of fire and loss, instead of requiring him to produce the originals. On this point the witness Montgomery testified that he was acting as agent for the appellant at the time of the fire ; that he had notice of it, and himself made out the proofs of loss. This evidence was made without objection, which clearly proved, as a matter of. fact, that all the preliminary proofs of fire and loss were made out and received by the agents of the company. Besides the company at no

time placed its refusal to pay the loss on the ground that the preliminary proofs had not been made, or were not sufficient. If this was the reason for not paying the loss, the objection should have been made known in time, so that the defect might have been supplied. As the company has not made any objection of the kind, it must be held to have waived it, and lost the opportunity to insist upon it now. Indeed we suspect that the company never thought of resisting the claim upon the ground that all proper and necessary proofs were not made; for the general agent stated, when at Milwaukee, three or four months after the fire, that the company had had hard times, and talked of paying $900. Inability to pay was probably the real reason why the loss was not promptly met. However this may be, the company, by not placing its refusal to pay upon the ground that no sufficient proofs of fire and loss had been made, must now be deemed to have waived all objection upon that score. See *McMasters vs. The Westchester Man. Ins. Co.*, 25 Wend., 379; *Ætna Ins. Co. vs. Tyler*, 16 id., 385; *Badle et al. vs. The Chenango Co. Mutual Ins. Co.*, 2 Coms., 53; *Bumstead vs. The Dividend Mutual Ins. Co.*, 2 Kern., 81; *Martin vs. The Fishing Ins. Co.*, 20 Pick., 389; *Clark vs. The New England Mutual Fire Ins. Co.*, 6 Cushing, 342; *Underhill vs. Agawam Mutual Ins. Co.*, id., 440; *The Troy Fire Ins. Co. vs. Carpenter*, 4 Wis., 20. In this view, the production of the original proofs of the fire and loss became unnecessary, and the fact that the respondent attempted to prove by Montgomery that they were made, ought not to prejudice his case.

Some other objections were taken to the admission of evidence; but we do not deem them very material or important.

The judgment of the circuit court is affirmed.