## DONAT CURIAC v. DOMINGO ABADIE, MARCELINO ABADIE, AND JUAN ABADIE.

TREASURY NOTES—LEGAL TENDER.—The Act of Congress, passed February 25th, 1862, making the notes issued under the Act lawful money, and a legal tender in the payment of private debts, is constitutional.

IDEM.—The notes issued under said Act are a legal tender in payment of a debt, the consideration of which was gold or silver coin of the United States, unless there is a written contract to pay in gold or silver coin.

JUDGMENTS—FORM OF.—Where suit is brought on a general indebtedness without a written contract to pay, or on a written contract to pay money generally, without designating the kind of money, the Court cannot render a judgment payable in a specific kind of money.

TENDER OF MONEY.—Where a tender is made of the full amount due before suit is brought, and the tender is kept good and brought into Court, the judgment should be for plaintiff for the amount tendered, and for defendant for his costs.

APPEAL from the District Court, Second Judicial District, Santa Barbara County.

The facts are stated in the opinion of the Court.

*A. Packard*, for Appellants.

*Charles E. Huse*, for Respondent.

By the Court, CURREY, J.

This action was brought to recover the amount due from the defendants to the plaintiff upon a promissory note dated in October, 1862, with interest thereon. The plaintiff alleged in his complaint that the consideration of the note was gold

coin of the United States. The prayer of the complaint was for judgment in the amount due on the note and for the costs of the suit, and for such other and further relief as the nature of the case demanded.

The defendants answered alleging that when the note became due they tendered to the plaintiff the amount due thereon in United States legal tender notes, at their face, and that such tender was made in payment of the sum due by said note, but that plaintiff refused to receive the same in payment thereof; and they also alleged that they had always, since said tender, been and still were ready and willing to pay plaintiff the sum due him, and thereupon they brought the same money and deposited it in Court for the plaintiff.

The cause was tried before the Court without a jury, when the facts pleaded by the parties, respectively, were admitted. Upon this, the Court, after reciting the facts stated in the complaint, found and decided that: "When the day of payment arrived the defendants offered to the plaintiff the principal and interest, in paper of the United States, which was worth about sixty cents for each dollar. The plaintiff refused this paper and claimed gold or silver. This Court, having equity powers, must decide that the tender was ill made, and that the defendants must return the same class of money which they received, or its equivalent, according to the intent of the parties at the time of negotiating the loan."

Judgment was entered upon this decision of the Court to the effect that the plaintiff do have and recover of and from the defendants the sum due, with interest thereon, at the rate specified, until paid, "payable in gold or silver coin of the United States, or in foreign coin, at the value fixed therefor by the Acts of Congress, together with costs and disbursements incurred in the action;" the amount of which is specified.

The defendants have appealed from the judgment, and the only question involved is the constitutionality of the Act of Congress passed February 25, 1862, making the notes issued under that Act lawful money and a legal tender in the payment of private debts. We have decided this question in *Lick*

Union Water Company v. Crary.

v. *Faulkner*, (*ante* 405,) sustaining the law of Congress, and therefore we hold that the tender pleaded by the defendants and the payment of the same money into Court for the plaintiff was a good and lawful tender, and that the Court erred, first, in giving judgment in a sum exceeding the amount tendered, and directing the kind of money in which the judgment should be paid; second, in giving judgment in favor of plaintiff against defendants for the costs of the action.

The judgment is therefore reversed, and the District Court is directed to render a judgment in favor of the plaintiff for the sum of money due when the tender by the defendants to the plaintiff was made; and a judgment in favor 'of the defendants against the plaintiff for their costs in this action.