HON. MILTON KELLY, } JUSTICES.
HON. JOHN CUMMINS, }

---

## J. M. BETTS, RESPONDENT, v. E. J. BUTLER ET AL., APPELLANTS.

VERDICT—PRACTICE—ADMISSIONS.—The omission of the jury to find by their verdict, the amount due, when that question is not in controversy, does not deprive the prevailing party of his right to a judgment for the sum admitted to be due by the pleadings.

VOID STATUTES—SPECIFIC CONTRACT ACT.—The territorial act approved December 4, 1864, commonly called the specific contract act, conflicts with the act of congress approved February 25, 1872, authorizing the issue of legal tender treasury notes, and is therefore void.

APPEAL—MODIFICATION OF JUDGMENT—JUDGMENT.—In cases on appeal where there is no issue of fact, this court will order the judgment of the court below corrected if erroneous in some particular matter only; or reverse it and order the proper judgment to be entered by the court below.

APPEAL from the second judicial district, Boise county.

*Rosborough & Preston,* for the appellants:

This action was for the recovery of money, and in such

case it is an absolute and unqualified rule that "when a verdict is found for the plaintiff," "the jury shall also find the amount of the recovery." (Pr. Act, sec. 176, p. 114; Idaho Stats. 1863–4.) These prerequisites must both occur in order that the verdict may support a judgment. The jury found "for plaintiff," but did not "also find the amount of the recovery." Another error apparent from the judgment roll is that the judgment is in contravention of the act of congress of February 25, 1862, entitled "An act, etc., authorizing the issue of United States notes." The last-named act is constitutional, and the supreme law of the land. (*Metropolitan Bank* v. *Van Dyke*, 27 N. Y. 401–545; *Rhodes* v. *Bronson*, 34 Id. 649.)

*Ainslie & Foote and J. J. May*, for the respondent:

It being sufficient to find for the plaintiff upon a plea of *nil debit*, in an action of debt, it only remains to be shown that debt is the proper action at common law upon a promissory note, and for which we refer to 1 Chitty Pl. 108, 109; *Wilmoth* v. *Crawford*, 10 Wend. 340.) The amount of the note having been admitted by the pleadings, there was no occasion for the assessment of the amount due. (*Buckley* v. *Marks*, 15 Abb. Pr. 454; *Buckley* v. *Lord et al.*, 24 How. Pr. 455.)

CUMMINS, J., delivered the opinion of the court, McBRIDE, C. J., and KELLY, J., concurring.

The plaintiff in his complaint demands judgment for the sum of four hundred and twenty dollars on a promissory note, of which he avers he is the owner and holder, and which it is declared was made and executed by the defendants. The only issue, as appears from the record presented to the jury, was fraud in the execution of the note; that it was executed by one having no authority, and under circumstances which were a fraud upon the rights of the defendants making this answer, namely, Taylor and Andrews.

It is admitted by the pleadings that there was such a note as that set out in the complaint, and there was no issue

as to the amount due on such note, if valid for any purpose against these defendants. In short, the only issue made by the pleadings and tried before the jury upon which they were called to pass, was, Did the element of fraud enter into the execution of this note, or was there a want of power or authority in the defendant, Butler, to bind the firm of which he was one member and his co-defendants the other? In answer to this issue the jury return for their verdict that "we find in favor of the plaintiff;" that is, that there was no fraud in the execution of the note the subject, of this action. On this verdict the plaintiff made his motion for judgment for the amount demanded in the prayer of his complaint, which was granted by the court. From this the defendants who appeared in the action appeal, and assign as error that the court below had no authority to enter a judgment for four hundred and twenty dollars, or for any other definite sum, on this verdict; but contend that the verdict, in order to authorize such a judgment entry, should have found the amount due the plaintiff. This is assumed upon sections 175 and 176 of the civil practice act.

I can not assent to the construction placed upon these sections by the appellants' counsel; although it would probably be the better practice in such cases to require the jury to find the amount of the demand, yet this omission does not deprive the prevailing party of his right to have judgment for the sum due. It certainly could not have been the intention of the law-makers to absolutely require a jury to find in their verdict that a certain definite sum was due the plaintiff or the defendant, as the case might be, where there was no controversy as to the amount for which judgment should be given. If the court had instructed the jury to find the amount due, provided they found for the plaintiff on the issue of fraud, it could only have said to them, you will find the sum of four hundred and twenty dollars, for this is the amount admitted and about which there is no question. Hence, at most it is but matter of form, the omission of which will not vitiate the proceedings.

In the case of *Williams* v. *Willis,* 7 Abb. Pr. 90, the court says that "the facts that the work performed and

materials furnished, to recover for which the action was brought, had been done and furnished by the plaintiff, and the amount he was entitled to receive was agreed upon and admitted, but the defendant denied that the contract therefor was made by her with the plaintiff, as alleged in the complaint. On that issue the jury found in favor of the plaintiff. That fact alone would not be sufficient to enable the court to pronounce judgment, even if the jury had answered "yes," instead of finding as they did; because it would not appear from such finding whether the work was done, or the materials furnished, or what amount the plaintiff was entitled to receive for his labor, if done, and materials, if furnished. The verdict was not, therefore, a special verdict. It may be regarded as a verdict in the nature of a special verdict as to one issue, or a special finding upon a particular issue. If any amendment of the verdict were necessary, the case of *Burhans* v. *Tibbets*, 7 How. Pr. 21, illustrates the power of the court to permit it to be made; but I think it unnecessary. The verdict of the jury left nothing incomplete, and the court, taking the admitted facts, with the verdict of the jury, could have no hesitation as to the judgment to be rendered.

Under this authority there can be no question of the correctness of the judgment rendered in the case at bar. As already stated, the execution and ownership of the instrument upon which the action is based, as well as the amount due if a valid note, were all admitted by the pleadings, which admissions are as binding and effectual as if expressed in terms. These admitted facts, taken with the verdict, in the language of Judge Brady, left nothing incomplete, and the court could have but one thing to do, that of ordering judgment for the party entitled under such admissions and the verdict, and for the amount prayed for on the note, as was done by the court in this case.

Another error assigned by the appellants is that the judgment is for "clean Boise Basin gold dust at sixteen dollars per ounce." It is insisted that this is in contravention of the provisions of the act of congress of February 25, 1862, commonly called the legal tender act. This judgment was

entered under the authority of the specific contract act of the territorial legislature, approved December 3, 1864. But I have no hesitancy in pronouncing this latter act in direct conflict with the legislation of congress, which is the supreme law of the land. Judgments for money can only be entered for a specified amount in dollars and cents, without specifying any denomination or kind of money, and can be discharged by the lawful currency of the country, without reference to the fact whether it is gold, silver, or legal tender notes. (*Vide Milliken et al.* v. *Sloat,* 1 Nev. 573.) The judgment should be so far corrected as to make it a judgment for a specified amount in dollars and cents only. But it is not necessary to accomplish this purpose that the judgment should be reversed, for under the revisory power vested in this court it may be corrected by its mandate without directing a new trial. (*Curiac* v. *Abadie et al.,* 25 Cal. 502.) In fact, there is no occasion for a new trial, as there is no question of fact to be determined. It is a mere error in the form of the judgment, which may be corrected on motion. It might and doubtless would have been corrected by the district court if a motion for that purpose had been made. In fact, this is the better course to pursue in such cases, as it many times will save the parties the expense and delay of prosecuting an appeal.

As already intimated, the judgment can not be reversed; hence, the costs can not be taxed against the respondents. But as a modification of the judgment is necessary, there will be no damages allowed.

Judgment is affirmed, with direction to the court below to correct the same as indicated in this opinion, with costs of appeal to the respondents.