Dohn *v.* The Farmers' Joint-Stock Insurance Co.

JOHN H. DOHN, Respondent, *v.* THE FARMERS' JOINT-STOCK INSURANCE COMPANY, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, APRIL, 1871.)

In an action upon a policy of insurance which contained a condition that the insured should, within ten days after any loss, deliver a particular account thereof, signed by him and verified, to the company, evidence of language of a general agent of such company, who had power to bind it, used to the insured, within ten days after a loss has occurred, calculated to induce the insured to postpone the preparation and forwarding of such proof until after the ten days have expired, is, *it seems*, sufficient to support a finding of a waiver by the company of the condition within the time required for its fulfillment.

The rejection of the claim of the insured by the company, made after the time prescribed by the policy for furnishing the proofs of loss has expired, upon other grounds than that the proofs were not furnished within the required time, is a sufficient waiver by the company of the non-fulfillment of such a condition, and no new consideration is required to support such waiver.

A condition of the policy required that the application must, if the applicant had any less estate than a fee in the property to be insured, state the nature of such estate.—*Held*, that inasmuch as no question as to the nature of the title of the applicant was included in the written form of application furnished by the company, they were liable upon such policy, although the title held by the insured was, in fact, an equitable one only, under a contract of sale upon which a payment had been made, and this fact was not stated by the insured at the time of the application.

A statement by such applicant that he is the owner of the property to be insured, to which he has, in fact, only an equitable title, under a contract of sale upon which a payment has been made, is not such a misrepresentation as avoids the policy.

A vendor's lien for unpaid purchase-money, under a contract of sale, is not such an incumbrance as is contemplated by an inquiry as to incumbrances contained in the application.

APPEAL from judgment entered on referee's report.

The action was on two policies of insurance; one was upon a house and the other upon personal property. The land, upon which the building insured was erected, was held under a contract upon which a small payment had been made.

J. N. Price, an agent of defendant, came to plaintiff and solicited and obtained the insurance.

The blank for application used was one furnished by the defendant.

It contains no question with reference to title, and no question was asked by Price as to what title plaintiff had to the land, or as to incumbrances.

The blank used contained the following : " The incumbrance upon the property is $———."

There is no answer to this question, and nothing opposite the dollar mark but a dash or straight mark, thus ———.

Price was the general agent of the defendant.

Other facts material to the questions raised appear in the opinion.

The referee reported in favor of the plaintiff for $880.77. Judgment was entered on the report, and the defendant appealed to the General Term of the Supreme Court.

*E. P. Hart*, for appellant.

*Rufus King*, for respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J.   This action was brought to recover the amount of two policies of insurance issued by the defendant to the plaintiff, one upon a dwelling house and the other upon personal property.   Both of these policies contained a condition that, in case of loss or damage by fire, the insured was to notify the secretary of the company of such loss, and within ten days after such loss to deliver a particular account of the same, to be signed by him and verified.   The proof of loss was not furnished until after the expiration of ten days, and it is urged that this requirement was a condition precedent to the plaintiff's right to recover.   Perhaps this is so, unless the condition was waived, as claimed by the plaintiff. The allegation in the complaint that the plaintiff fulfilled all the conditions of the policy is accompanied by a statement that, more than thirty days before the commencement of the

Dohn *v.* The Farmers' Joint-Stock Insurance Co.

action, he gave to the defendant due notice of the fire and proof of loss, which was accepted and received as sufficient. This is a qualification of the averment, which, I think, rendered proof of a waiver competent under the complaint.    Upon the question whether there was a waiver of the furnishing of the proofs of loss within the ten days, the evidence shows that the general agent of the company had power, by the provisions of the defendant's charter, to bind the company.    There is also evidence to show that one of the defendant's agents, in a conversation with the plaintiff, used language which may have induced the plaintiff to postpone the preparation and forwarding of the proofs within the ten days provided ; and the referee has found, upon sufficient evidence to sustain his finding, I think, that the defendant waived the making and furnishing of proofs of loss by the plaintiff within the time required.    When a party is induced to suspend action by means of the conduct of another, every principle of law and equity demands that such party should not be injured by the delay.    The authorities are abundant that conditions of this kind may be waived, and such waiving may be inferred from circumstances, and mere defects in the proofs served may be waived by an omission to insist specifically upon them. (*Post* v. *Ætna Ins. Co.*, 43 Barb., 351 ; *Sheldon* v. *Atlantic Ins. Co.*, 26 N. Y., 465 ; *Wood* v. *Poughkeepsie Ins. Co.*, 32 N. Y., 620 ; *Owen* v. *Farmers' Joint-Stock Ins. Co.*, 57 Barb., 518.)

If there was a waiver by the defendant prior to the expiration of the ten days, then it is not important to consider the question whether there was a waiver afterward or whether a new consideration was essential to establish a waiver ; but waiving that aspect of the case, the referee has found that the proofs were returned, upon other grounds, and, that no objection was made that the proof of loss had not been furnished within the time required by the conditions of the policy.    The testimony is conflicting as to whether the proofs were rejected upon the ground that they were not received in time.    The weight of the evidence appears to be in conformity with the finding of the ref-

eree; but even if such is not the fact, there is no such preponderance in favor of the defendant as to authorize this court to set aside the report on that ground, assuming that the question of waiver, after proofs were furnished, is important. I am inclined to think that the fact that the insurer, after the time for furnishing the preliminary proofs had expired, put their resolution to contest the claim upon other grounds than the omission to furnish such proofs, is a waiver of that ground of defence within the principle of *Owen* v. *F. J. Stock Ins. Co.* (57 Barb., 518). It is a technical forfeiture alone that is waived, and courts of equity lean toward relieving parties from conditions of this kind, which in no way affect the merits, and which are enforced because the precise terms of the contract demand it. A party may waive a protest of commercial paper, without a new consideration; or the time when a contract for the sale of property is to be fulfilled, or the payment of rent on a lease at the time specified, where the non-payment makes a forfeiture, and there is no reported case where the question has arisen which holds that a new consideration is essential to support an agreement to waive a condition similar to the one contained in the policy in this case. In *Ripley* v. *The Ætna Ins. Co.* (30 N. Y., 136), the remarks of Mullin, J., holding a different doctrine, were not necessary to the decision of the case, and, therefore, it is not an authority to support such a principle. That the general agent had authority to make such waiver, and that his acts were binding, is abundantly sustained by some of the cases cited. (57 Barb., 521; 26 N. Y., 460.)

By one of the conditions of the policy, the application must state whether the property was incumbered, and, if so, to what amount, and if the applicant has any less estate than a fee, the nature of such estate. It is claimed that this was not complied with, although the complaint avers a compliance. Assuming that this point was raised upon the trial, I think that the defendant should have asked, in the printed application, as to the incumbrances, and the particular nature of the plaintiff's title, if they wished the information. Not

Dohn *v.* The Farmers' Joint-Stock Insurance Co.

having done so, and having issued the policies, the defendant is liable. (*Ames* v. *N. Y. Union Ins. Co.*, 14 N. Y., 253, 263; *Bidwell* v. *North Western Ins. Co.*, 24 id., 302.) It may also be remarked that the plaintiff held the land under a contract, and the written title to the land was of no consequence so far as the property insured was concerned. He had the equitable title, which is sufficient to support his claim. Nor was the vendor's lien, in my opinion, if any existed, for the purchase-money, such an incumbrance as was contemplated by the insurer.

The statement that the plaintiff was the owner of the property was not such a misrepresentation as vitiates the policy. He was, in fact, the owner, and the referee has found facts which establish that there was no misrepresentation or concealment by the plaintiff, either as to the title to the land or the incumbrances upon it.

It is said that the personal property had no business in the building where it was. It was removed there by the consent or permission of the defendant's agent, and no defence that the goods were removed from one house to another is interposed by the answer. Nor was it claimed upon the trial that any such defence existed.

It is said that the statement of value of property in the application, being a gross over-valuation, avoided the first policy. We have not been referred to the page or folio of the case where this point was raised; but if it is now to be considered, I am not prepared to say that there is such a difference between the value stated and the value found by the referee, of the *property consumed*, as to authorize this court to conclude that the policy was thereby waived. In truth, this was more properly a question of fact for the referee to determine, and I think does not now arise.

I have carefully examined all the questions raised, and am of the opinion that there was no error upon the trial, and that the judgment should be affirmed with costs.

Judgment affirmed.