FLOYD PELTON, PLAINTIFF, *v.* THE WESTCHESTER FIRE INSURANCE COMPANY, DEFENDANT.

*Insurance on interest of purchaser of land — in possession and in default under a contract for the sale thereof.*

A policy of insurance issued to one in possession of land under a contract for the purchase thereof, is not rendered invalid by the fact that, at the time of issuing the policy, the assured has, by a failure to perform the contract on his part, rendered the same voidable at the election of the vendor, where such right has not been exercised, although the fact that he was in default was not stated to the company.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict for plaintiff directed by the court.

The plaintiff was the owner of a lot in the village of Monticello. On the 3d day of May, 1872, he entered into a contract with one Samuel K. Brown for the sale of said lot to said Brown, which contained, together with the usual provisions of executory contracts for the sale and purchase of land, a covenant on the part of Brown that he would erect on the premises a building worth, at least, $1,000; and that he would keep the premises insured and the policy assigned to Pelton, the plaintiff. Under such contract, Brown took possession of the property and erected the building.

On or about September 1, 1872, Brown and defendant's agent made a contract for the insurance of such building, upon which a policy in due form, bearing such date, was issued. The agent testifies that, in that conversation, Brown told him that he (Brown) was the owner of the building; that there was no mortgage on it; that he owed something on it for labor and materials.

On the 8th of October, 1872, the following indorsement was made on this policy: " Oct. 8, 1872. Loss, if any, payable to Floyd Pelton, mortgagee, as his interest may appear." The word " mortgagee " was subsequently erased by defendant's agent, and the words " as collateral " were inserted in their place. This was done at the request of plaintiff's attorney. When the year expired, a new policy was issued in renewal of the old one, containing the same clause relative to payment to plaintiff. The word " mortgagee " was retained, however, by mistake, the change having been made at Monticello, and not having been noted on the books of the agency, which were at Ellenville. While this latter policy was in force, the building was totally destroyed by fire. At the time of the fire the plaintiff was still the owner in fee of the premises, and Brown was in possession under his contract. Due proof of loss having been made, and the defendant having refused to pay, this action was brought on the policy. The defendant claimed that, at the time of procuring the insurance, Brown had not the entire, unconditional and sole ownership of the premises, but that he was in possession thereof under a contract to purchase the same; and that the sum he had agreed to pay had not been paid pursuant to the terms thereof, by reason whereof the contract had become forfeited. It came on for trial at the Sullivan Circuit, where a verdict was ordered for the

plaintiff for $1,189, and the presiding justice directed the exceptions to be heard at the General Term in the first instance.

*A. Schoonmaker,* for the plaintiff.

*A. C. & T. A. Niven,* for the defendant.

SAWYER, J. :

All of the questions raised by the appeal in this action have been adjudicated adversely to the appellants (*Frink* v. *Hampden Ins. Co.,* 1 Abbott [N. S.], 343 ; *Grosvenor* v. *Atlantic Ins. Co.,* 17 N. Y., 391 ; *Acer* v. *Merchants' Ins. Co.,* 57 Barb., 68 ; *Ætna Ins. Co.* v. *Tyler,* 16 Wend., 385 ; *Dohn* v. *Farmers' Ins. Co.,* 5 Lans., 279 ; *Maher* v. *Hibernian Ins. Co.,* 6 Hun, 353 ; *Rowley* v. *Empire Ins. Co.,* 36 N. Y., 550 ; *Owens* v. *H. P. Ins. Co.,* 56 id., 565 ; *Pitney* v. *Glens Falls Ins. Co.,* 65 id., 6), except the question, what effect was produced in the relations between the insured and the insurer by the fact that at the time of .effecting the insurance Brown, the insured, was in default in making the payments called for by his contract of purchase, such fact not having been brought to the direct knowledge of the defendant.

Brown's contract of purchase contained, among other things, this provision : " On failure to perform the contract on the part of Brown, the said Pelton may declare the contract void and retain whatever moneys have been paid thereon." Brown was confessedly in arrear in making his payments, but he was in possession of the premises and had erected thereon the building called for by the contract which was the subject of this insurance. Pelton, the vendor, had not availed himself of his legal right to declare the contract void. How, then, did this affect the relative rights of the parties ? This provision did not, upon default in payment, render the contract void, but voidable only, at the election of the vendor ; he having not so elected, no change in the relative positions affecting the title was produced. Either party might still insist upon a specific performance. (*Lawrence* v. *Dale,* 3 Johns. Chancery, 23 ; *Hutchins* v. *Munger,* 41 N. Y., 155.) The contract, therefore, as between the parties to it, was still a valid and subsisting contract, enforceable by either party upon tendering performance. (*Kort-*

*right* v. *Cady*, 41 N. Y., 343.) Brown's equitable title to the premises and insurable interest in the buildings erected thereon had not ceased by reason of the default, and within the doctrine of the cases cited (*supra*) he did not misstate his interest nor violate the conditions of the policy in not disclosing that fact.

The exceptions, therefore, must be overruled and judgment ordered upon the verdict for the plaintiff, with costs

LEARNED, P. J., and BOARDMAN, J., concurred.

Motion for new trial denied, and judgment ordered for plaintiff on verdict, with costs.