The judgment and conviction should be reversed and a new trial granted.

All concur.

Judgment reversed.

---

THE CONCORDIA SAVINGS AND AID ASSOCIATION, Respondent, *v.* ELIZABETH A. S. READ, Impleaded, etc., Appellant.

Where a complaint alleges that plaintiff is a corporation organized under a law of this State, and the answer simply avers that defendant has no knowledge or information sufficient to form a belief as to the truth of the allegation, plaintiff is not required to prove the corporate existence; such an averment is not equivalent to an " affirmative allegation " that plaintiff is not a corporation, which is requisite to impose upon it the burden of proof. (Chap. 508, Laws of 1875; Code of Civil Procedure, § 1776.)

Under the act, providing for the incorporation of " building, mutual, loan and accumulating fund associations" (Chap. 122, Laws of 1851, as amended by chap. 564, Laws of 1875), it is not essential that a person should subscribe the original articles of association, he may become a member after those articles are filed.

The taking of a premium upon making a loan or advance upon the shares of a member is authorized by the statute (§ 7), and does not render the loan usurious.

A provision in a mortgage, given to such an association, to secure a loan or advance, that in case of failure to pay the prescribed contributions, interest, dues or penalties for a time specified, the whole sum advanced, together with all dues, fines and penalties owing by the mortgagor, shall be deemed due and may be collected, is lawful and may be enforced; and, in case of such default, a court of equity may not relieve from the consequences.

(Argued October 1, 1883 ; decided October 16, 1883.)

APPEAL, by defendant Read, from judgment of the General Term of the Superior Court of the city of Buffalo, entered

upon an order made June 20, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage, executed by defendant Meier to plaintiff, to secure a bond conditioned for the payment of the sum of $1,850, as follows: $3.75 contribution and $2.25 interest, each and every week during the existtence of the association, and also all dues, fines and penalties. The mortgage provided that, if the contributions, interest, dues and penalties specified should remain due and unpaid for three months, then the whole sum with interest and all dues, fines and penalties, owing by Meier to the association, should be deemed due and might be collected.

The material facts are stated in the opinion.

*O. O. Cottle* for appellant. As the mortgage was given to secure dues on shares, it was incumbent on the plaintiff to show its right to dues and their amount. (*Thomas* v. *Van Ness*, 4 Wend. 549 ; *N. Y. Firemen's Ins. Co.* v. *Ely*, 2 Cow. 678 ; *L. & F. Ins. Co.* v. *Mech. F. Ins. Co.*, 7 Wend. 31 ; *Fulton B'k* v. *Benedict*, 1 Hall, 480 ; *Western Loan Co.* v. *Conroy*, MS. Op., Gen. Term, 8th Judicial Dist.) The defendant Meier was not a member of the association at the time the bond and mortgage were given, he having signed a certified copy of the constitution, instead of the original, as required by law. (Laws of N. Y., chap. 122, § 2, p. 234 ; *Certigan* v. *Gould*, 5 Denio, 290.) The burden of proof was on the plaintiff, and it has failed to show what amount, if any, was due. (*Butler* v. *Tucker*, 24 Wend. 447 ; *Smith* v. *Briggs*, 3 Denio, 73 ; *Stewart* v. *Cuyler*, 17 Barb. 482 ; *Thomas* v. *Van Ness*, 4 Wend. 349.) The company could advance money to shareholders by way of ante-redemption of shares owned by the shareholder, but the law does not authorize the company to loan its shares. (Laws of 1851, chap. 122, p. 234.)

*Adelbert Moot* for respondent. The mere denial of the answer was not enough to put the plaintiff to proof of its incorporation.

(Laws of 1875, chap. 508; 53 How. 242; 40 N. Y. 410; 7 Daly, 399; 5 Abb. Dig. 167, 168; *Park B'k* v. *Tilton,* 15 Abb. Pr. 348; Code of Civ. Proc., § 1776.) The Meiers having dealt with the plaintiff as a corporation, and having admitted they were members thereof, and having received the benefits of their contract, are estopped by their own acts from denying that the plaintiff is a corporation. (*McFarlan* v. *Triton Ins. Co.,* 4 Denio, 395; *White* v. *Koss,* 15 Abb. 66; *Eaton* v. *Aspinwall,* 19 N. Y. 119; *Steam Nav. Co.* v. *Weed,* 17 Barb. 378; *Dorris* v. *Sweeney,* 64 id. 636; *Aspinwall* v. *Sachi,* 57 N. Y. 331; *B. & A. R. R. Co.* v. *Cary,* 26 id. 75; *McLaughlin* v. *Citizens' Building & Loan Ass'n,* 62 Ind. 262; *Second Manhattan Building Ass'n* v. *Hayes,* 4 Abb. Ct. of App. Dec. 184, 185.) The appellant, being a privy in estate to Emil and Barbara Meier, is also estopped. (Willard on Real Estate, 369; 3 Washburn on Real Property, 110, § 55; *Lansing* v. *Montgomery,* 2 Johns. 382; *Douglass* v. *Scott,* 5 Ohio, 199; 13 N. H. 389; 53 Penn. St. 351; 1 Greenleaf on Evidence, § 189, pp. 216, 217; Abbott's Trial Evidence, § 31, p. 712; *Carver* v. *Astor,* 4 Pet. 1; 9 Paige, 646.) Membership in any particular company or corporation depends upon the general or special law under which the company is formed, or the articles or certificate of incorporation. (Field on Corporations, §§ 124, 127; *Fosdick* v. *Sturgis,* 1 Bliss, 225; Angel & Ames on Corporations, § 476; *Chester Glass Co.* v. *Dewer,* 16 Mass. 94.) The plaintiff, having members, had elements of corporations, and issuing certificates of stock was not necessary to complete the incorporation. (Field on Corporations, §§ 124, 127; *Chester Glass Co.* v. *Dewer,* 16 Mass. 94; *Fosdick* v. *Sturgis,* 1 Bliss, 225.) Plaintiff had the power and authority to take securities like the one in question. (*Citizens' Mut. Aid Ass'n* v. *Webster,* 25 Barb. 262; *Melville* v. *Am. Building Ass'n,* 33 id. 115; *Franklin Building Ass'n* v. *Mather,* 4 Abb. Pr. 272.) The bond and mortgage are not void for usury. (*Citizens' Mut. Ass'n* v. *Webster,* 25 Barb. 263; *City Building Ass'n* v. *Fatly,* 1 Abb. Ct. App. Dec. 347; *McLaughlin* v. *Citizens' Loan*

*Ass'n*, 62 Ind. 264; *Reiser* v. *William Tell Savings Fund
Ass'n*, 39 Penn. St. 139; *Demy* v. *Phila. Savings & Build-
ing Ass'n*, id. 154; *Hauser* v. *Herman Building Ass'n*,
41 id. 139.) The contract between the respondent and Emil
Meier is not so oppressive and unconscionable in its character
and terms that the court should refuse to enforce it. (*Citi-
zens' Mut. Loan Ass'n* v. *Webster*, 25 Barb. 263; *Becket* v.
*Union Town Building Ass'n*, 88 Penn. St. 211; *Red Brick
Building & Loan Ass'n* v. *Patteson*, 27 N. J. 223.)

EARL, J. The complaint alleges that the plaintiff is a cor-
poration, created by and under an act of the legislature of this
State, entitled "An act to incorporate mutual loan and accu-
mulating fund associations," passed April 10, 1851, and the
several acts amendatory thereof, and supplementary thereto.
The answer in reference to these allegations simply alleges
that the defendant has no knowledge or information sufficient
to form a belief, as to whether the plaintiff is a corporation or
not created by or under the laws referred to. This was not
sufficient to put plaintiff upon proof of its corporate existence.
The language used certainly has no greater force than a general
denial of the whole complaint would have. It is not tanta-
mount to an affirmative allegation that the plaintiff is not a
corporation. The statute (Chap. 508 of the Laws of 1875) in
force when this action was commenced, provided that, " in
suits brought by or against a corporation created by or under
any statute of this State, it shall not be necessary to prove, on
the trial of the cause, the existence of such corporation, unless
the defendant shall have alleged in the answer in the action,
that the plaintiffs, or defendants, as the case may be, are not a
corporation, nor unless the allegations in the answer" are veri-
fied. The Code (§ 1776) now prescribes that before a plaintiff
shall be required to prove its corporate existence, the answer
must contain " an affirmative allegation " that it is not a cor-
poration. This section is simply a re-enactment of the prior
law.

The proof was ample to show that Meier was a member of

the corporation. The bond and mortgage both describe him as a member. He paid his dues as a member, and, under the constitution of the association, and the statute under which it was organized, he could not have received the money for which the bond and mortgage were given unless he had been a member. It was not necessary for him to subscribe the original articles of association to become a member; but he could become a member after the original articles had been filed. (Laws of 1851, chap. 122, § 3.) The constitution of the association provides that "its members shall be such persons who have signed the constitution, and have subscribed for one or more shares, or who have received loans from the association." Meier had signed the constitution, and received a loan, and hence he was a member.

Article 7 of the constitution provides, that "every member receiving a loan from the association binds himself to pay a weekly contribution of twenty-five cents, and fifteen cents interest for every share so received, and for such a time as shall be required to pay the holder of every share $125, including the premium allowed by such shareholder;" and article 23 provides that "if each and every member shall have received for each and every share the sum of $125, deducting therefrom the premium paid by his own consent, then this association shall cease and determine, and all mortgages and other securities shall be discharged." The claim on behalf of the defendant, therefore, is that Meier was bound to pay upon his bond and mortgage his weekly dues and interest, only until the association had received money enough to redeem all the outstanding shares, and that it was incumbent upon the plaintiff to prove that there were shares outstanding and the amount required to redeem them. We think the proof was *prima facie* sufficient. The plaintiff was organized April 1, 1876, and the number of its shares was limited to one thousand at $125 each. A number of persons signed the articles of association and they must have been shareholders. The association had received money enough from the dues of its members to make the advance to Meier, secured by his bond and mortgage in August thereafter, and

hence there must have been a large number of members who paid dues upon shares held by them. To furnish a fund for the redemption of the shares, each member paid for each share held by him the weekly sum of twenty-five cents. Thus there would be paid upon each share $13 every year, and if nothing but the dues were paid by members, it would take more than nine years to accumulate funds sufficient to redeem all the shares. If the interest, premiums, fines and penalties received amounted to more than sufficient to pay the losses and expenses of the association, the shares could be redeemed in a less time. Here Meier stopped making any payments on his bond and mortgage, or as a member of the association, on the 11th day of June, 1877, less than one year after he obtained the money; and this suit for the foreclosure of the mortgage was commenced in July, 1878, less than two years after he obtained the money. Hence by no possibility could money enough to redeem the shares have been received by the association from its members in June, 1877, or July, 1878. The evidence was, at least, sufficient to throw upon the defendant the burden of showing, if she could, that all the outstanding shares had, in some way, been redeemed so as to entitle Meier to have the mortgage discharged.

It matters not whether the money secured by the bond and mortgage be called, as it is in the constitution of the company, a loan to Meier, or simply an advance upon his shares. The bond and mortgage were given to secure the repayment of the money in the manner and upon the terms therein mentioned, and it is clear that the money became payable.

No material error was committed by the trial court in the computation of the amount due upon the mortgage. The mortgage was given to secure the payment of the precise sum advanced or loaned to Meier, to-wit, $1,875. It is true, that at the time the mortgage was given, Meier did not carry away with him the full sum of $1,875. The constitution of the association provided that "in case there are several members applying for a loan at the same time. said loan shall be given

to the member paying the highest premium therefor, to the benefit of the association." The taking of a premium in such case is sanctioned by the act of 1851, as amended by chapter 564 of the Laws of 1875, and does not render the loan usurious. Meier paid for this loan a premium of $630, and that sum was paid out of the $1,875, and the balance only was actually paid to him. But the whole sum was loaned or advanced, and, out of it, he paid the premium which went into the treasury of the association for the benefit of all the shareholders, Meier included. The scheme of the association, as embodied in the law of its creation and in the bond and mortgage, was that this sum could be paid back by payments of weekly dues of twenty-five cents per share to apply on the principal, and fifteen cents per share for interest; and if these payments were made, and also all fines and penalties imposed upon him as a member, then his bond and mortgage were to be void; and all payments were, in any event, to cease so soon as enough money had been contributed by all the members to redeem all the shares. But in order to have the benefit of these gradual, deferred payments, it was incumbent on Meier to make them as they fell due, and to remain a member of the association by the payment of his dues, interest, fines and penalties. If he did not make these payments then he was to pay back the money which was advanced to him, and so it is provided in the bond and mortgage.

This is not a case where a larger sum is made payable in consequence of the non-payment of a smaller sum, and payment of a larger sum is not imposed as a penalty. But this is a case where the whole of a specified sum becomes due because the partial payments are not made as stipulated, and the principles of law which authorize courts of equity sometimes to relieve from forfeitures do not apply to such a case as this.

It is stipulated in the mortgage that, "if the contributions, interest, dues or penalties herein specified shall at any time remain due and unpaid for the space of three months, then and in that case the whole sum of $1,875, and the interest due thereon and all dues, fines and penalties owing by the said

Meier to said association by the terms of the constitution, rules and regulations thereof shall be deemed due and may be collected." Therefore the trial court did not err in taking the sum of $1,875 as the basis of its calculation, and no substantial error was committed in arriving at the sum for which the judgment was ordered.

We have thus, we think, covered the main allegations of error on the part of the appellant, and we reach the conclusion that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.