PArker, J.
An examination of the on which this motion is based and ‘opposed leads irresistibly to the conclusion that the verified answer interposed by defendant was false, and that he had full knowledge of its falsity.
What his object was is suggested by the fact that a few days after the defendant had thus successfully checked the plaintiff’s march towards a judgment, he conféssed judgment in favor of the J. E. Linde Paper Company in the sum of $1,243.63, upon which as well as upon a judgment obtained against him the day following for $715,04, executions were issued, and certain property of the defendant sold, realizing between $1,000 and $1,100, a portion of which amount was applied in payment of each of these judgments, as appears by the return of the sheriff.
It is difficult to conceive of any greater contempt of court than to block the proceedings in court by perj ury, and it seems to be specificially provided for in § 14 of the Code of Civil Procedure, which provides that “ a court'of record has power to punish * * * misconduct by which a right or remedy of a party to a civil action or special proceeding pending in a court may be defeated, impaired, impeded or prejudiced, in either of the following cases: * * *
2. A party to the action or special proceeding for putting in fictitious bill, or a fictitious surety, or for any deceit or abuse of a mandate or proceeding of the court.”
A pleading is a proceeding of the court—in this case á proceeding to which the defendant was not entitled. The facts did not warrant it. It was only by perjury that he obtained the use of it, and thus, in the language of the subdivision quoted from, there was “ abuse of a * * * proceeding of the court,” which in this case impeded, if it did not defeat, the rights of the plaintiff, a party to a civil action.
This question was not passed on in Moffat v. Herman, 116 N. Y. 131; 26 St. Rep. 328, because on another ground it became necessary to affirm the judgment of the general term, which reversed the order of the court below adjudging a party guilty of contempt in verifying and interposing a false answer.
It appeared that the fine imposed was in excess of that authorized by § 2284 of the Code of Civil Procedure, which governs the extent of a fine that may be imposed upon one who has been adjudged to have been guilty of a contempt of court within the provisions of § 14.
It is urged on this motion that even if the court finds that the defendant verified and interposed an answer which alleged false matter by way of defence, still he may not be punished, because the answer contained one averment which was not false, and *571 which put the plaintiff to his proof, and, therefore, the delay which resulted would have occurred had the false defense not been set up.
One difficulty with defendant’s contention is that the averment upon which he relies did not put in issue the allegation in the complaint. The complaint alleged the incorporation of the plaintiff under the laws of the state of New York. The answer “denies any knowledge or information sufficient to form a belief ” as to such allegation. This allegation was not sufficient to require plaintiff to make proof of the existence of the corporation, because § 1776 of the Code distinctly provides that such proof need not be made except where the verified answer contains the affirmative allegation that the plaintiff is not a corporation.
The attempted denial in defendant’s answer is not an affirmative allegation that the plaintiff is not a corporation. Concordia S. & A. Assn. v. Read, 93 N. Y. 474.
This brings us to the question of punishment. Section 2281 of the Code provides when and how a party adjudged guilty of contempt shall be punished, and § 2284 fixes the limits within which a court may measure out the fine to be imposed. It provides that “If an actual loss or injury has been produced * * * a fine sufficient to indemnify the aggrieved party must be imposed ; * * * where it is not shown that such an actual loss or injury has been produced, a fine must be imposed not exceeding the amount of the complainant’s costs and expenses, and $250 in addition thereto.”
If, then, the evidence requires the finding that the plaintiff did sustain actual loss, and affords a basis for a determination of the extent of that loss, the last sentence quoted is not applicable, and the previous one, which requires a fine sufficient to indemnify the aggrieved party, is.
Now it appears that on the 8th day of December, 1893, the plaintiff moved this case for trial at the Ulster circuit, and obtained a judgment for damages and costs in the sum of $626.08.
Had the answer not been interposed, he would have been entitled to a judgment on the 12th day of November, 1893, at which time it appears the defendant had property subject to levy and sale under execution greatly exceeding in value the amount of plaintiff’s judgment, and he continued to have a leviable interest in property of a greater value than such judgment for at least ten days after plaintiff would have been entitled to enter his judgment but for the misconduct of the defendant.
The evidence, therefore, requires the finding that, but for the interposition of the false answer, the plaintiff would, in the ordinary course, have made the amount of his judgment out of defendant’s property.
Compliance with the ■ requirements of the statute, therefore, makes it necessary to impose upon defendant a fine equal in amount to the face of the judgment, with the cost of this proceeding added, which are fixed at the sum of fifty dollars
Let an order be entered accordingly.