Adams, J.
This case was tried before the court without a jury, upon facts which were virtually conceded; the contention of the defendant being that such facts do not constitute any cause of action in favor of the plaintiff. After a careful examination of the elaborate briefs of counsel, I find myself unable to concur in the view which the defendant’s counsel appears to entertain, and which he has attempted to fortify by the citation of numerous authorities. Briefly stated, my reasons are as follows, viz.:
The defendant, which is a corporation duly organized under the laws of .this state, upon the 2d day of September, 1889, issued to the plaintiff a certificate, duly authenticated, by the terms of which, in consideration of the entrance fee, together with agreements and full compliance with the terms and conditions printed upon the back thereof, and the articles of association and by-laws adopted by said association, all of which are referred to and made a part of such contract, the said the People’s Building, Loan & Savings Association agree to “ pay said shareholder, or his heirs, executors, administrators, or assigns, the sum of one hundred dollars for each of said shares at the end of five years from the date (thereof).” It appears that the plaintiff paid his entrance fee, made his other payments, and in all respects complied with the terms and conditions printed upon the back of his certificate, or contained in the articles and by-laws of the association; and after the expiration of the term of five years, he duly presented his certificate at the office of the defendant, and demanded payment of the amount specified therein. This demand was met with the announcement that the plaintiff’s certificate entitled him to receive the sum of $370 only. The plaintiff refused to accept this sum, and brought this action to recover the full amount which he claims he is entitled to receive. In reading the certificate, I am unable to see how it is possible to give it any construction other than that of an absolute agreement upon the part of the defendant to pay to the plaintiff the full sum of $500 upon the expiration of five years from its date. There is nothing equivocal in its language, neither is it made to depend upon any conditions other than that the plaintiff shall make the payments which he undertook to make, and shall in all other respects comply with the rules and regulations of the association; all of which he has done, as has been stated. Why, then, should not the defendant be required to fulfill the obligation which it has assumed ?
The first reason urged upon the attention of the court is that, in *212 entering into such a contract as the one under consideration, the defendant has exceeded the powers conferred upon it by tire statute. It is possible that in the management of its affairs the defendant may have gone beyond the scope of the statute, but certainly the powers exercised by it were incidental to those conferred, and inasmuch as it has reaped the benefit of the contract entered into, and there is nothing therein which contravenes public policy, the plainest rules of good faith require that it should be upheld. Arms Co. v. Barlow, 63 N. Y. 62; Raft Co. v. Roach, 97 id. 378; 1 Wat. Corp. pp. 600, 601, 605; Thomp. Bldg. Ass’ns, p. 257.
Another objection to any recovery by the plaintiff is that the action is prematurely brought; that, by the terms of article 19 of its by-laws, the defendant was entitled to sixty days after the presentation of the plaintiff’s claim in which to investigate the same, and determine what course to adopt in regard to it. It is doubtful if this claim is within the contemplation of article 19, but, upon the assumption that it is, the defendant undoubtedly might have availed itself of the opportunity to make further examination of the plaintiff’s demand, had it so desired ; but no such desire was manifested. The by-law reads: “ If the association desires further evidence of a claim than is furnished in the proof, it shall have the right,” etc. The proof furnished in this case was the certificate itself, which seems to have been entirely satisfactory, for upon its representation the officer to whom it was presented made no question as to its validity, but only insisted that the amount due thereon was $370, instead of $500. Apparently he desired no additional evidence, nor any extension of time in which to determine what course to pursue; and his acts amounted to a waiver of any right to now insist that the plaintiff’s cause of action has not accrued. Dohn v. Insurance Co., 5 Lans. 275; Kernochan v. Insurance Co., 17 N. Y. 428; Insurance Co. v. Gaddis. 10 Ins. Law J. 774.
But the proposition upon which the defendant lays more stress than any other is that the certificate which the plaintiff presented had not matured, or, in other words, it had not, at the time of its presentation, earned its face value, and that consequently the holder thereof was entitled to receive only such sum as it had earned. To maintain this proposition, attention is directed to the statutes under which the defendant was organized, as well as to certain of the defendant’s articles of association and by-laws. In considering this question, it may be assumed that the plaintiff, although he had not signed or read the articles or byfiaws, was bound by them so far as they conformed to the requirements of the incorporating statutes (Association v. Read, 93 N. Y. 474); but I am unable to find in either anything which can fairly be said to modify or, in any essential respect, vary the plain language of the contract. Indeed, as is claimed by the defendant, such a contract does not appear to have the express sanction of either the creative statutes or of the defendant’s articles or by-laws. Neither is any adequate provision to be found therein for their redemption; a condition of affairs which the defendant, in its circular issued under date of December 20, 1894, very frankly acknowledges. The case, therefore, is not *213 that of a member of the association who avails himself of the privilege of withdrawing, as provided by section 7 of chapter 556 of the Laws of 1887, and then seeks to recover what his certificate of membership is fairly worth. If it were, I could understand how his rights might be affected by certain of the articles and by-laws referred to by counsel, and why it might be claimed, with good reason, that the plaintiff ought not to be permitted to maintain his action. Much less is the case one in which it can be claimed that whatever plaintiff is entitled to receive upon his certificate must be regarded as in the nature of a dividend, and, consequently, subject to the provisions of section' 7 of chapter 564 of the Laws of 1875; but, as has been already suggested, it is simply one where the defendant has issued to the plaintiff a certificate which, while it may in a certain sense constitute the person accepting it a member temporarily of the association, is nevertheless a plain, unqualified promise to pay to the holder, upon the expiration of five years, the sum of $500. And when that period expired, and the plaintiff presented his certificate, demanding its payment, it seems to me that whatever relation of membership he had theretofore borne to the association was thereby terminated, and he then became a creditor, clothed with the' same rights which would pertain to any other creditor. End. Bldg. Ass’ns, §§ 141-143; Association v. Silverman, 85 Pa. St. 394; O'Rourke v. Association, 93 id. 308; Wetterwulgh v. Association, 2 Bosw. 381; Englehardt v. Fifth Ward, P. D. S. & L. Association, 58 St. Rep. 92. It follows, therefore, that although'the defendant issued these certificates of “shares.” or stock, or whatever they may properly stand for, without making provision for their redemption, and with the knowledge that it was not possible .“ for the association to redeem the promises it made," and “ that under its plan of operation it was not possible for the shares to earn the amount they promised to pay,” it nevertheless has entered into a contract with the plaintiff which is a valid one; and, inasmuch as the defendant is confessedly solvent, it is also one which it can and should fulfill.
The plaintiff is therefore entitled to judgment for the full amount of his claim, with costs. If it shall appear,-when an effort is made to enforce the judgment, that the plaintiff will obtain relief beyond that permitted by the statute, the court possesses ample power to regulate the matter when its aid shall be invoked.