(43 App. Div. 386.)

## EAGLE SAVINGS & LOAN CO. v. SAMUELS.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. BUILDING AND LOAN ASSOCIATIONS—FORECLOSURE OF MORTGAGE—CORPORATE EXISTENCE.

In an action to foreclose a mortgage given to a building and loan association as a corporation organized under a state law, the mortgagor is estopped from claiming that it was not a corporation at the time he gave the mortgage.

2. SAME—PREMIUMS FOR LOAN.

Under Acts 1851, c. 122, § 7, providing that the imposition of any premiums for loans made to members of building and loan associations organized under said chapter should not be deemed a violation of the laws against usury, it was not necessary, in case of an association organized under said act, that the premiums for loans should be fixed by competition among its members, in the absence of any other statutory requirement on the subject.

Appeal from special term.

Action by the Eagle Savings & Loan Company against Jennie Samuels. From a judgment for plaintiff entered upon a decision of the court, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

Mirabeau L. Towns, for appellant.

Edward M. Grout, for respondent.

CULLEN, J. This action is brought to foreclose a mortgage executed to the plaintiff, which is a building and loan association incorporated under chapter 122 of the Laws of 1851. The mortgage was given to secure, not only the amount actually advanced to the defendant, but also a premium given for the loan, and monthly dues agreed to be paid on her shares. The great burden of the appellant's argument is to show the unfairness of the conditions of the loan, the extravagant rate of interest which the borrower agreed to pay, and the illusory character of the expectation held out to her that she might repay her debt by the redemption of the shares she held in the plaintiff company. This, however, is but an argument against the economic value of building associations generally. The brief of the learned counsel is witty and clever; and, were the question of the general advantages and benefits of associations like the plaintiff under consideration before a body where the discussion even of grave questions must be relieved by some play of wit and fancy, his brief

might be efficacious, and secure for the counsel a more attentive hearing than a dry, logical argument. Submitted to a judicial tribunal, however, the great bulk of it is far aside the mark.

The decision of the court of appeals in Association v. Read, 93 N. Y. 474, leaves but two legal questions raised by the appellant necessary for us to refer to. The corporate existence of the plaintiff is challenged, principally on the ground that some time anterior to the transaction which is the subject of this suit the number of its members and of its outstanding shares fell below the requirements of the articles of association. We do not think that this would effect, per se, the dissolution of the corporation, but it is not necessary to discuss the proposition. The plaintiff incorporation is not claimed to have been terminated or lapsed by anything occurring since the execution of the bond and mortgage. As to its character and condition at that time, the appellant is estopped from asserting that it is not a corporation, having contracted with it as such. Eaton v. Aspinwall, 19 N. Y. 119; Railroad Co. v. Cary, 26 N. Y. 75; Whitford v. Laidler, 94 N. Y. 145.

The second objection made is that the premium which the defendant agreed to pay for the loan was not the result of competition among the members of the association, but was fixed arbitrarily in advance by the trustees. The act under which the plaintiff was incorporated (section 7) provided that the imposition of any premium for loans made to members should not be deemed a violation of the provisions of law against usury. This is the only reference to premiums to be found in the statute. In the absence of any statutory requirement on the subject, we think that the exaction of a premium and its amount were matters that could be determined by the corporation itself. Subsequent statutes of this state have regulated this matter as to corporations formed under them, and the act of 1851 has been repealed by section 192 of chapter 705 of the Laws of 1894. From the operation of such repeal, however, existing associations incorporated under earlier acts are expressly excepted. In 1889 the attorney general of the state advised the banking department that it was not necessary, in case of corporations organized under the act of 1851, that the premiums paid for loans should be fixed by competition. We think that the rule thus declared by the law officer of the state, on the faith of which business has been transacted for over 10 years, should not be overruled unless it appears clearly to be wrong.

The judgment appealed from should be affirmed, with costs. All concur.