## Case No. 2,289.

### CAHILL v. ANDES INS. CO.

[5 Biss. 211.] [1]

Circuit Court, N. D. Illinois. Oct., 1872.

FORFEITURE OF POLICY — COMPANY CONFINED TO REASON ALLEGED — SOLICITOR — AGENCY—PAYMENT OF PREMIUM—CLAUSE AS TO PAYMENT OF PREMIUM.

1. When forfeiture of an insurance policy is claimed for non-compliance with its conditions. the company is bound by the reason which they assign at the time;—they cannot declare a forfeiture on one ground and then claim the advantage of additional grounds, and it seems they cannot claim a cancellation broadly, and give any reason they may see fit afterwards.

[See Cashau v. Northwestern Nat. Ins. Co. Case No. 2,499.]

2. Where an insurance solicitor, who is not the agent of any company, but procures the "placing" of insurance, has placed a risk, and the company delivers him the policy for delivery to the assured, he becomes for that risk the agent of the company, and payment of the premium to him binds the company; and though he never pays the money, the policy remains binding, and cannot be forfeited for non-payment of premium.

3. This is true though a clause in the policy provides that the policy shall not take effect until the premium is actually paid, for the presumption is that the solicitor was authorized to receive the premium, and when the company has given him the credit, and the assured is thus misled, the company cannot take advantage of this clause.

This was an action on a policy of insurance for one thousand dollars, issued to the plaintiff [Thomas Cahill] by defendant, covering a stock of wines and liquors owned by him at No. 176 Washington street, Chicago, for one year from March 5th, 1871, and which stock was destroyed by fire October 9th, 1871. The policy had been obtained through a Mr. Doud, an insurance solicitor, who was not in the employ of any company, but procured the privilege of "placing" insurances. The plaintiff paid the premium to Doud before the expiration of the thirty days limited in the policy for the giving of credit, but Doud never paid it over to the regular agents of the company. The defendant denied the agency of Doud, and claimed that the policy had been duly forfeited—canceled for non-payment of the premium.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Hawley & Talcott, for plaintiff.
Arba N. Waterman, for defendant.

BLODGETT, District Judge, charged the jury as follows: The only question that is made by counsel upon which any stress is laid is as to whether this contract, in fact, ever went into force—as to whether it ever became operative between the parties.

It appears from the evidence that Mr. Doud's manner of doing business was to call upon parties having insurable property, and solicit from them the business of placing it in some company, and obtaining a policy, and upon their acquiescing in his request, he would make an application to one of the companies with which he was operating, perhaps giving the insured the privilege of selecting from the list of companies he claimed to represent; and taking the application of the insured to the agent of the company, he would obtain from the company a policy, and pass it over to the insured, at some times collecting the money when he delivered the policy, at other times leaving it for the company to collect, or collect it himself within the period of thirty days. It is also in testimony here from the defendant, that this company did not employ this man as its agent, but that he had placed some risks with that company in the manner described, that he had made the solicitation himself, and the company had accepted the risks which he had offered, and issued policies in accordance with the applications.

It seems that in this case, Doud applied to the agents sometime in the early part of the month to insure this stock of goods in this saloon and the fixtures. Doud represented to the plaintiffs that he could place the insurance in one of two companies, the Republic or Andes, but after some conversation plaintiff concluded to accept a policy in the Andes. An application was made out,—whether at that time or at some subsequent time is not clearly disclosed by the testimony,—according to the due course of business, for an insurance in the Andes, and was presented to that company, a policy being issued and given to Doud, who brought it to the plaintiff and left it with him, stating that he would want the money within thirty days; and as the testimony of Cahill shows, some short time afterwards, and before the expiration of the thirty days, Doud again called upon the plaintiff and stated that he must have the money upon that policy, the amount of the premium being twenty dollars, and stating that if it was not paid the policy would be canceled. The plaintiff handed Doud the money and retained the policy. Some weeks afterward, the plaintiff, meeting the general agent of the defendant on the street, was notified that this premium had not been paid, whereupon he narrated the circumstance of having paid it to Doud. The agent refused to recognize that as a payment, but said that

Doud had died or run away, and he could not treat it as a payment, but should cancel the policy, and subsequently, on the 27th of April, 1871, Mr. Ryan, the Chicago agent of the company, addressed this note to Cahill, which seems to have been received by him: "Thomas Cahill, Esq., 176 Washington Street. Dear Sir: Owing to the non-payment of the premium of your policy in the Andes Insurance Company of Cincinnati, No. 5,829 is hereby canceled and void. We are sorry to be compelled to do so, but we cannot wait any longer for the money. Respectfully yours, etc., E. E. Ryan, Agent."

The policy which was issued, being in the ordinary form then in use by that company, contained this clause: "If, during this insurance, any subsequent insurance should be made upon the property insured, * * * or if the company shall so elect, it shall be optional with the company to cancel this policy, which shall cease on notice being given to the assured, or his or their representative, of its decision to do so; in which case the company will become responsible to refund the premium for the unexpired time on demand, and pay the same on the surrender of policy. No insurance, or renewal thereof, shall be considered binding until the actual payment of the premium."

The question then resolves itself back into the original issue. Was the premium in this case properly paid? If it was, then the policy was in force, and defendant had no right to cancel it for the non-payment of the premium, and if they did seek to cancel it for any other reason than the non-payment, they should have notified the policy-holder. They had no right to claim the right of cancellation broadly, and assign any reason they saw fit afterward. They should put him on his guard and must be bound by the reason they assigned, which was that, the premium not being paid, they refused to be held any longer by the policy. If the assumption contained in this letter was false, then the policy still remains in force, and this claim of cancellation goes for naught. If the assumption was true, that this premium had not been paid properly so as to bind the company, then the claim of cancellation on that ground was well taken.

It is claimed that this policy was issued on the application of Doud, and handed to Doud, who delivered it to the plaintiff. I instruct you, as matter of law, that if you shall find, that by delivering the policy to Doud the company made Doud its representative and agent for the purpose of delivering the policy, and that the delivery of the policy to him, to deliver to Cahill, authorized Doud to receive the premium on the policy, and if Doud subsequently acted dishonestly with the company, and failed to pay over the money to them, they must suffer the loss rather than the party who has acted in good faith. When Mr. Doud brought the policy to Cahill, the natural presumption would have been that he was authorized to receive the premium on the policy, and that the policy took effect as though he was, although there is a clause in fine print in the policy which reads in effect that the policy shall not take effect until the premium is actually paid; for if parties see fit to give credit, and a party is misled by supposing that credit is given to him, I think that clause would cut no figure.

It is true the testimony discloses that Doud was not in the employ of defendant, but in each specific case where he obtained the assent of parties to accept insurance in the Andes Insurance Company, and they issued the policy and entrusted him with it, he became the representative of that company, as between the insurer and insured, for that specific transaction. He may not have been generally, but in that case he is their representative, and the payment of the premium is a good one. There is no question but, if Cahill had gone to the office and had paid the twenty dollars at that time, it would have been a good payment. The only question is, if Doud came at a subsequent day and asked for the money, was plaintiff bound to see to the appropriation of the money? I think he was not.

Verdict for plaintiff, one thousand dollars. and interest.

NOTE [from original report]. If the notice or preliminary proofs are imperfect or informal, all objection may be waived by the insurers; and they will be held to have made such waiver by acts or conduct which authorized the insured to believe that the insurers were satisfied with the proof they had received, and required. nothing more. 2 Pars. Cont. (5th Ed.) 461, and cases collected and cited in note. See further that a distinct refusal to allow the claim on grounds other than the sufficiency of the notice is a waiver of notice or preliminary proof and an excuse for not furnishing it. Vos v. Robinson, 9 Johns. 192; Aetna Fire Ins. Co. v. Tyler, 16 Wend. 385, 401; McMasters v. Westchester Co. Mut. Ins. Co., 25 Wend. 379; O'Neil v. Buffalo Fire Ins. Co., 3 N. Y. 122; Clark v. New England Mut. Fire Ins. Co., 6 Cush. 342; Boynton v. Clinton & E. Mut. Ins. Co., 16 Barb. 254; Franklin Fire Ins. Co. v. Coates. 14 Md. 285; Firemen's Ins. Co. v. Crandall, 33 Ala. 9. Upon the furnishing of proofs, all objections that might be and are not taken, if the company objects to paying will be considered waived. Peoria M. & F. Ins. Co. v. Lewis, 18 Ill. 553; Great Western Ins. Co. v. Staaden, 26 Ill. 360; Hartford Fire Ins. Co. v. Walsh, 54 Ill. 164; Dohn v. Farmers', etc., Ins. Co., 5 Lans. 275; Globe Ins. Co. v. Boyle, 21 Ohio St. 119. See, also, Cashau v. Northwestern Nat. Ins. Co., [Case No. 2,499.]