KOHN BROS. v. WASHER & AUGUST.

(Case No. 5359.)

1. AUTHORITY OF AGENTS.— A commercial traveler sold his samples and converted the proceeds to his own use. In a suit by his principal against the vendee to recover the value of the samples, the court charged the jury that, if the sale of the samples was embraced within the real or apparent scope of the agent's authority, his principal would be bound by the sale and could not recover. The evidence showed the extent of the agent's authority was to exhibit the samples and solicit, receive and forward orders for merchandise. *Held*, the law announced by the court was correct, but as there was no evidence of usage enlarging the authority of a commercial agent, and as an agent authorized to sell on credit has no authority to collect the price in the name of his principal, the court below erred in its instruction so far as it related to apparent authority.

APPEAL from Tarrant. Tried below before M. D. Priest, Special Judge.

The opinion states the facts.

*Wray & Stanley*, for appellants, cited: Andrews v. Smithwick, 20 Tex., 111; Austin v. Talk, 20 Tex., 164; Dodd v. Arnold, 28 Tex., 97; H. & T. C. R'y Co. v. Terry, 42 Tex., 451; Cravens v. Wilson, 48 Tex., 324; Dean v. Lyons, 47 Tex., 18.

No briefs on file for appellees.

WATTS, J. COM. APP.— Appellants employed Rex as a commercial traveler, to solicit orders for the merchandise in which they dealt as wholesale merchants, and, to facilitate the business and the better to enable him to secure orders, they furnished him with samples to be exhibited to dealers in soliciting their orders. Rex sold these

samples to appellees, and converted the proceeds to his own use, and in this suit by appellants to recover of the appellees the value of the samples, on the ground that Rex had no authority to make the sale, the court in effect instructed the jury that if the sale of the samples was embraced within the real or apparent scope of Rex's authority, then appellants would be bound by this sale, and could not recover in this suit.

As shown by the evidence, the extent of Rex's authority was to exhibit the samples, to solicit, receive and forward orders for merchandise to the appellants, together with a statement of the financial condition of the party making the order, and if this was satisfactory appellants filled the order, and shipped the same to the party who ordered the goods.

There is no evidence in the record as to any custom or usage respecting the disposition of samples by commercial travelers.

There is no controversy as to the correctness of the law as announced by the court; as to third parties dealing with an agent of another, within the real or apparent authority of the agent as held out by the principal, that the latter will ordinarily be bound by such acts of the agent is elementary.

But it is claimed that the instruction, so far as it related to the apparent authority of Rex, was not authorized by the evidence. Now in the absence of any evidence of usage which might be considered as enlarging the authority of Rex, it would seem that the objection is well founded.

Under the circumstances the extent of his authority was to exhibit the goods as samples and not as merchandise for sale. And no apparent authority to sell the samples would exist, or arise out of the nature of the agency.

It has been held that a salesman authorized to sell goods on a credit has no authority to subsequently collect the price in the name of the principal, and a payment to him will not discharge the purchaser, unless some authority to collect, beyond what is implied in the mere power to make the sale, is shown. Seiple v. Irwin, 30 Penn. St., 513; Law v. Stokes, 32 N. J. (Law), 249.

In our opinion the evidence did not authorize the charge, and the evidence upon the other issues is such that this error may have been material.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted May 5, 1885.]