NATIONAL FIRE INS. CO. v. OLIVER.
(No. 1894.)

(Court of Civil Appeals of Texas. Texarkana. June 13, 1918. Rehearing Denied June 27, 1918.)

1. INSURANCE ⊂⊃229(4) — FIRE INSURANCE — CANCELLATION—AGENCY.

Where an owner of property had instructed an insurance agent "to take his insurance and keep it up for him," and the agent, after writing the policy which the company directed to be canceled, arranged with another insurance company for insurance to take effect after the cancellation, the agent was the agent of the owner for the purpose of acquiescing in the cancellation, notwithstanding that a five-day notice thereof was not given as required by the policy.

2. INSURANCE ⊂⊃112—ACTS OF AGENT—RATIFICATION.

Where an agent of an insurance company who had been instructed to keep up the insurance on certain property canceled the policy under instructions from the company, and delivered to insured a policy in another company, and the property was destroyed by fire, that ratification of such new policy by the insurance company did not occur until after the fire did not prevent the ratification from being binding on the insurer.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Action by Richard Oliver against the National Fire Insurance Company. From judgment for plaintiff, defendant appeals. Affirmed.

Mrs. May Croley was the agent at Gilmer of the Northern Assurance Company and also of appellant. It appeared from the testimony of appellee as a witness that prior to December 23, 1915, he requested Mrs. Croley "to take his insurance and keep it up for him," and that she agreed to do so. On said December 23, 1915, acting for said Northern Assurance Company, Mrs. Croley issued a policy insuring, in the sum of $2,500 and for a period of one year from that date, a stock of general merchandise and the building same was in, in Graceton, belonging to appellee, against loss by fire. The policy so issued was delivered to appellee. April 13, 1916, said assurance company repeated a request it had before made to Mrs. Croley to cancel all "outside risks" she had written for it, meaning by "outside risks" policies she had written on property situated elsewhere than in Gilmer. April 14, 1916, Mrs. Croley took up with one Nisbet, an agent of appellant authorized to act for it, the matter of appellant's taking over the risks carried by the assurance company which she had been directed to cancel. Nisbet agreed for appellant that it would take over several of the risks, among them the one on appellee's property in Graceton, and, as evidence of the agreement so far as appellee's property was concerned, delivered to Mrs. Croley a statement in writing dated said April 14, 1916, as follows:

"I have authorized $2,500 written in National Insurance Co. through Gilmer, Texas, agency on bldg. and stock gen. mdse. located s/s Main St., Graceton, Tex., belonging to Richard Oliver. Rate 5.22. Recommended net line $1,000. Lower on account of removal of bldg.

"[Signed] F. A. Nisbet, Special Agent."

Intending same to take the place and to be in lieu of the policy issued as stated by said assurance company to appellee, which she had been directed to cancel, Mrs. Croley, on

April 17, 1916, as she had been authorized by Nisbet acting for appellant to do, and as she had declared to him on said April 14th she would do, issued a policy in appellant company for a like sum as the one issued by said assurance company, insuring said stock of merchandise and building against loss by fire for a period of one year from that date. The property so insured was destroyed by fire on the night of April 18, 1916. April 19, 1916, Mrs. Croley for the first time advised appellee that the assurance company had directed her to cancel the policy she had issued to him December 23, 1915, and that on April 17, 1916, she had rewritten the risk in the appellant company. Appellee thereupon delivered the assurance company's policy to Mrs. Croley, and she delivered the policy she had written in the appellant company to him. The assurance company and appellant, respectively, having denied liability on the policy issued by it, appellee commenced a suit against each of them. At his instance the suits were consolidated and tried as one suit, the trial resulting in a judgment for the amount of the policy in appellee's favor against appellant, and that appellee take nothing by his suit against the assurance company. Appellant alone appealed.

Locke & Locke, of Dallas, for appellant. Simpson, Lasseter & Gentry, of Tyler, for appellee.

WILLSON, C. J. (after stating the facts as above). In support of the complaint made here that the trial court erred when he refused to instruct the jury to find in appellant's favor, it is insisted that it conclusively appeared from the testimony:

(1) That the policy issued by appellant was not to be effective until the one issued by the Northern Assurance Company was canceled. We agree it so appeared.

[1] (2) That the policy issued by said assurance company had not been canceled when the fire occurred. The policy contained a provision that it might "be canceled at any time at the request of the insured, or by the company by giving five days' notice of the cancellation." It was not pretended that appellee had requested the assurance company to cancel the policy, or that that company had effected a cancellation thereof by giving the notice specified. The contention on the part of appellee was, it seems, that Mrs. Croley acted for him when she arranged with appellant to take over the risk carried by the assurance company on his property, and that he, therefore, under the circumstances of the case, was in the attitude of consenting to the cancellation of the policy demanded by the assurance company. We think the contention was not without support in the testimony. By arranging with Mrs. Croley "to take his insurance and keep it up for him," as he testified he did, appellee authorized her to do for him everything reasonably necessary to be done to keep up the insurance. The assurance company having determined to exercise the right it had to cancel the policy it had issued on the property, it was necessary, in order to "keep up the insurance," to arrange with some other company to carry the risk. Incidental to this was the cancellation of the policy issued by the assurance company, for appellant's assumption of the risk was to become effective only when the assurance company ceased to carry it. We are of opinion, therefore, that it sufficiently appeared that Mrs. Croley had power to bind appellee by consenting to a cancellation of the policy, and that, acting for him, she consented when she arranged with appellant to take over the risk. We think the testimony warranted a finding that the liability of the assurance company ceased, and the liability of appellant began, when Nisbet agreed with Mrs. Croley that appellant would take over the risk on the property. 22 Cyc. 1447, and authorities there cited; 14 R. C. L. 849, 1010; 2 Joyce on Ins., p. 1482; Johnson v. Ins. Co., 66 Ohio St. 6, 63 N. E. 610; Assurance Co. v. McAlpin, 23 Ind. App. 220, 55 N. E. 119, 77 Am. St. Rep. 423; Ins. Co. v. State, 76 Ark. 180, 88 S. W. 917, 6 Ann. Cas. 440; Dibble v. Assur. Co., 70 Mich. 1, 37 N. W. 704, 14 Am. St. Rep. 470; Stevenson v. Ins. Co., 17 Cal. App. 280, 119 Pac. 529. In Ferrar v. Western Assur. Co., 30 Cal. App. 489, 159 Pac. 609, 611, where it appeared that one Coleman had been requested by Mrs. Plier the owner of the property, "to take care of her insurance and to see that she was covered to the amount of $1,-000," the Supreme Court of California said: "We are satisfied that the direction by Mrs. Plier to Coleman * * * made him * * * her general agent to keep her insured, to the extent of $1,000 in respect to the property involved. Being her general agent for this purpose, we think he was authorized, as an incident of his employment, to accept and act upon a notice of cancellation."

[2] Having determined that there was testimony warranting a finding that Mrs. Croley was authorized to act for appellee in consenting to a cancellation of the policy issued by the assurance company, and therefore that the trial court did not err when he refused to instruct the jury as complained of in the assignment, we need not determine, and do not, whether that court, had there been no such testimony, should have refused to so instruct the jury, on the ground that there was testimony which would have supported a finding that appellee supplied by a ratification of her act any lack of authority on the part of Mrs. Croley to bind him by consenting to the cancellation of the policy issued by the assurance company. The contention on the part of appellant is that the ratification was ineffective for any purpose because it occurred after the property had been destroyed by fire. All we care to say about that is that, if the holding of the Court of Civil Appeals in Ins. Co. v. Dalton,

175 S. W. 459, relied upon by appellant as supporting its contention, should be construed as denying to the insured in a case with facts like this one a right to assert that such a ratification is binding on the insurer, we are inclined to think it is wrong and against the weight of the authorities. 2 Joyce on Ins., § 642, and authorities there cited; Marqusee v. Ins. Co., 198 Fed. 475, 119 C. C. A. 251, 42 L. R. A. (N. S.) 1025; Ferrar v. Western Assur. Co., 30 Cal. App. 489, 159 Pac. 609, 611; Todd v. Ins. Co., 2 Ga. App. 789, 59 S. E. 94; Boutwell v. Ins. Co., 193 N. Y. 323, 85 N. E. 1087.

The judgment is affirmed.