SAUL H. FEINGOLD, et als., *vs.* HARRY SUPOVITZ, et al.

Androscoggin.    Opinion October 10, 1918.

*Principal and agent.    General rule to be applied to the question as to whether the principal is bound by the acts of his agent when dealing with third persons who do not know the extent of the agent's authority.*

In an action of trover to recover the value of certain sample garments sold by a traveling salesman of the plaintiffs to the defendants, the sale was claimed by the plaintiffs to have been without authority and void.. The verdict was in favor of the defendants.

Upon plaintiff's motion and exceptions it is

*Held:*

1.   Whether or not a principal is bound by the acts of his agent when dealing with a third person, who does not know the extent of his authority, depends not so much upon the actual authority given or intended to be given by the principal as upon the question, what did such third person, dealing with the agent, believe and have reason to believe as to the agent's authority from the acts of the principal.

2.   Under the evidence in this case the jury were justified in holding that the plaintiffs were bound by the acts of their traveling salesman in making this sale.

3.   That the requested instruction was properly refused as it called upon the court to pass upon disputed questions of fact.

Action of trover to recover the value of certain garments which were known as "sample garments" sold to the defendants by the traveling salesman or representative of plaintiff. Defendant filed plea of general issue and also brief statement. Verdict for defendant.

Plaintiff filed motion for new trial, and also exceptions to certain rulings of presiding Justice.    Judgment in accordance with opinion.

Case stated in opinion.

*Frank T. Powers*, for plaintiff.

*Harry Manser*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

CORNISH, C. J.   The plaintiffs are manufacturers of women's garments in Worcester, Massachusetts.    The defendants are retail dry goods merchants in Lewiston, Maine.    One Edinburg was in the employ of the plaintiffs as a traveling salesman or commercial traveler from 1912 to August 3, 1917, empowered to solicit orders from the retail trade, and was furnished by them with samples of the various garments to be exhibited to the customers in soliciting that trade. Payment for goods so purchased was made directly to the plaintiffs on bills duly presented.    The title to these samples was in the principals and not in the agent.    Edinburg in the course of his business was well acquainted with the defendants, and had taken their orders for goods at various times during his five years on the road.

On August 6, 1917, after he had practically finished his last trip for the sale of goods of that particular season and was on his way back to Worcester, he called at the defendants' store and asked them if they desired to purchase any of his discarded samples.    The defendants thereupon went to the hotel where the samples were, examined them, selected certain articles of the list value of $196.75, gave Edinburg a check therefor payable to his order at the agreed price of one-third discount, and took the articles to their store.    On August 19, 1917, Edinburg absconded, having disposed of all his samples, of the value of about five hundred dollars, and converted the proceeds to his own use.    He was subsequently apprehended in Chicago, and returned to Massachusetts.    On September 11, 1917, this action of trover was brought against the defendants to recover the value of the samples so purchased, the plaintiffs claiming that Edinburg had neither real nor apparent authority to sell the same.

The verdict was in favor of the defendants and the case is before this court on plaintiffs motion and exception.

MOTION.

Two questions of fact were submitted to the jury under proper instructions, first, whether the agent had actual authority from his principals to sell the samples under the existing circumstances, and, second, whether he had apparent authority which the principals knowingly permitted him to assume or held him out to the public to possess.

As to actual authority the evidence is conflicting. On this point the defendants of course could offer no direct evidence. The plaintiffs deny such authorization, but Edinburg, introduced by them as their witness, testified that his instructions were to return the samples to his employers, and that he had done so except in a few instances where he had sold samples at the end of the season, which sales he had reported to the firm and they had approved and had themselves collected therefor.

But as this court has said: "Whether or not a principal is bound by the acts of his agent when dealing with a third person who does not know the extent of his authority, depends, not so much upon the actual authority given or intended to be given by the principal, as upon the question, what did such third person, dealing with the agent, believe and have a right to believe as to the agent's authority from the acts of the principal." *Heath* v. *Stoddard*, 91 Maine, 499, 504.

That the defendants believed in the authority of the agent can hardly be controverted. They acted in good faith, paying for the samples what appears to be the usual price under the circumstances, the garments, through the season's use in display, and in packing and repacking having become more or less worn and wrinkled, and needing pressing and repair. As further proof of their good faith it is admitted that in early September they sent to the firm duplicate orders from the purchased samples, on three different occasions, and it was from this information that the plaintiffs discovered to whom Edinburg had made the sale. They certainly would not have taken this course had they been conscious of a dishonest transaction.

That they had a right to believe in Edinburg's authority the jury were justified in finding from the evidence. This was a matter of inference from all the facts and circumstances. The transaction

itself was not a novel one.   It may well be that in the ordinary course of commercial business the soliciting of orders from samples would not be held as a matter of law to carry with it the implied authority to sell the samples themselves and collect therefor.   *Kohn* v. *Washer*, 64 Tex., 131, 53 Am. Rep., 745; *Hibbard* v. *Stein*, 45 Or., 507, 78 Pac., 664.   But the facts here show a different situation.   The transaction was a natural one.   It was the end of that particular season.   The samples had, in a sense, outlived their usefulness, they were not in fresh and first-class condition.   It was not an unusual thing for them to be sold in this particular trade, under these circumstances.   Edinburg testifies that he had sold them before on several occasions, although the pay therefor had been made directly to the house, and one of the plaintiffs admits that he himself, on one occasion when on the road, and under like circumstances, sold a few samples at discount to these very defendants.   It was obviously a business like proposition.

But the most convincing proof in favor of the defendants' contention arises from the fact that between Edinburg and the plaintiffs there was not merely a business but a family connection, a fact which was well known to the defendants and which had been talked over between the plaintiffs and them.   As early as 1914 Edinburg was attentive to the daughter of one of the plaintiffs, and on July 3, 1915, was married to her.   He thereby became son-in-law of Saul H. Feingold and brother-in-law of other members of the plaintiff firm. The defendants testify that at one time one of the brothers-in-law, while on a business trip and in their store at Lewiston, told the defendants of the marriage and that Edinburg was then a member of the firm.   This brother-in-law admits the conversation so far as reporting the marriage is concerned, but denies that he said that Edinburg was a partner.   If Edinburg was a partner he had a right as a part owner to sell the samples.   If one of the plaintiffs led the defendants to believe that Edinburg was a partner, even though in fact he was not, then the defendants had the right to believe in Edinburg's authority to make such a sale.

This question of disputed fact was within the province of the jury and their finding under the testimony before us should not be disturbed.   The motion must be overruled.

EXCEPTIONS.

The plaintiffs requested the following instruction which was refused:

"That as there is no evidence that the agent sold samples to the defendants, the fact that he might have sold a few samples before to other customers, Supovitz Brothers not knowing of the sales, this could not be a holding out of authority to them that would bind the plaintiffs."

This request was properly refused. It called upon the court to pass upon disputed facts as a basis for legal instruction, Edinburg himself having testified that he had occasionally sold samples to these defendants before the transaction of August 6, 1917.

Moreover in the light of all the evidence and of the full and comprehensive instructions in the charge, we do not think that the plaintiffs were harmed by the refusal. Harmless error affords no ground for sustaining exceptions.

*Motion and exceptions overruled.*