The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

## STUYVESANT INS. CO. v. D. C. HERNDON & CO. et al.

### No. 7993.

Court of Civil Appeals of Texas. Austin.

May 16, 1934.

Rehearing Denied June 13, 1934.

Byron Skelton and Wm. A. Shofner, both of Temple, for appellant.

Sam D. Snodgrass, of Temple, for appellee D. C. Herndon & Co.

Houston & Johnson, of Dallas, for appellee Mechanics' Ins. Co. of Philadelphia.

BLAIR, Justice.

This suit originated in the justice court, and in due course was appealed to the county court; thence to this court. Appellee D. C. Herndon & Co. sued appellant, Stuyvesant Insurance Company, to recover an uncarned premium on a fire insurance policy. Appellee Mechanics' Insurance Company of Philadelphia was also a party defendant. A trial to the court without a jury resulted in judgment for D. C. Herndon & Co. against appellant, Stuyvesant Insurance Company, and.

judgment in favor of appellee Mechanics' Insurance Company.

On February 25, 1930, a policy was issued to D. C. Herndon & Co. for a period of three years in the Mechanics' Insurance Company. Jack Jones, of the Jack Jones Insurance Company, who at the time represented both of the insurance companies involved, and was engaged in the general fire insurance business, wrote the policy. The policy was delivered to the insured and the premium of $194.25 was paid to Jones. In August of the same year this policy was redelivered to Jones and was canceled at his suggestion; he rewriting the insurance in appellant company with the knowledge and consent of the insured, who agreed with Jones at the time that the unearned premium on the first policy would be applied on the premium on the second policy, which together with $28.30, paid by the insured to Jones, was to carry the second policy for three years, or until August, 1933. In January, 1931, appellant company canceled this policy because of alleged failure to pay the premium. The unearned premium amounted to $167.65, for which amount judgment was rendered for appellee against appellant.

█ The following counter proposition of Mechanics' Insurance Company states the law applicable: "Where an insurance agent doing a general insurance business writes an insurance policy in one company and collects the premium therefor and later said policy is cancelled, which cancellation is ratified by the policy holder, and an agreement is reached between said insurance agent and said policy holder that the unearned premium due the policy holder shall be applied on another policy in another company, and said agent rewrites said policy in another company, and fails to apply the unearned premium money, as agreed, and the company in which the policy is rewritten cancels such policy, it is not error for a judgment to be rendered against such company for the unearned premium on that policy."

█ The policy of insurance with the Mechanics' Insurance Company of Philadelphia was legally canceled. The cases cited by appellant to the effect that there could be no cancellation of the first policy without the full knowledge and consent of the insured are not in point, because the insured had full knowledge of and consented to the cancellation of the first policy, and accepted the second policy and paid the premium thereon. Finley v. New Brunswick Ins. Co. (C. C.) 193 F. 195; Alliance Ins. Co. v. Continental Gin Co. (Tex. Civ. App.) 274 S. W. 299; Natl. Fire Ins. Co. v. Oliver (Tex. Civ. App.) 204 S. W. 367.

█ The agreement between the insured and Jones, the general agent, to apply the unearned premium on the first policy and the $28.30 paid by insured as payment of the premium on the second policy, was the same as if the insured had paid the entire premium in money and the agent had failed to report it to the insurance company. This agreement with regard to payment of the premium was within the apparent authority of the general agent, if not his actual authority, and his agreement bound the company. Kohn Bros. v. Washer & August, 64 Tex. 131, 53 Am. Rep. 745; Great Southern Life v. Dolan (Tex. Civ. App.) 239 S. W. 236; Bernard v. Fidelity Union Casualty Co. (Tex. Civ. App.) 296 S. W. 693; Illinois Bankers Life v. Dodson (Tex. Civ. App.) 189 S. W. 922.

█ The payment of a premium to an agent authorized to issue policies and collect premiums is payment to the insurance company. This is true, although the agent does not forward the premium to the company, and though he converts the money to his own use. Preferred Accident Ins. Co. v. Stone, 61 Kan. 48, 58 P. 986; Cahill v. Andes Ins. Co., 4 Fed. Cas. 1001, No. 2,289.

The judgment of the trial court will be affirmed in all things.

Affirmed.

### On Motion for Rehearing.

On motion for rehearing appellant complains of our finding that Jack Jones, "at the time represented both of the insurance companies involved," contending that the contrary appears to be true. The time referred to was February 25, 1930. The record shows that Jones became the agent of appellant in July, 1930. The finding is not material; but we make the correction in the interest of accuracy.

Motion overruled.