## JOYNER et al. v. OHIO NAT. LIFE INS. CO.

### No. 9750.

Circuit Court of Appeals, Fifth Circuit.

April 4, 1941.

G. Lorimer Brown, of Harlingen, Tex., for appellants.

Albert P. Jones, of Houston, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The issue in this case is whether or not a certain policy of life insurance issued to Oscar Joyner was in force at the time of his death on August 5, 1939. It is undisputed that the policy was permitted to lapse, but appellants contend that later it was reinstated. The case turns upon the question of reinstatement, and the court below held that none was effectuated.

The premiums were paid on the policy until the one which became due on September 27, 1935; it was not paid. On November 19, 1935, Joyner was notified that the policy had lapsed; and the insurer suggested that he avail himself of the reinstatement privilege of the policy.[1] Attempting to do so, Joyner executed a loan application and a health certificate which he forwarded to the insurer with a money order for the required cash payment of $7.36. On December 18, 1935, the company asked for further information about Joyner's aviational activities (he was then a licensed pilot, and operated a private plane), and inclosed a questionnaire to be answered and returned. As no reply had been received on January 6, 1936, a registered letter was sent to Joyner reaffirming the letter of December 18th and returning the money and papers tendered for reinstatement. This letter stated that the questionnaire would have to be returned, together with the other documents and money, if the lapse of the policy according to its terms was to be prevented. Joyner did not reply to this letter, but cashed the money order. On March 2, 1936, the insurer advised Joyner that, due to nonpayment of the premium, the policy had lapsed, and temporary term insurance had been placed in force which would terminate on March 6, 1937. Joyner was again urged to reinstate the policy, but again he neglected to reply. The temporary term insurance was the most advantageous option then available to Joyner under the policy unless a reinstatement was effectuated.

The insured had neither assigned the policy nor conferred a vested right therein upon any beneficiary. · His control over it was absolute. Whether or not the original action taken by him was sufficient to effect a reinstatement of his policy, Joyner failed to stand upon his rights. When the loan application, health certificate, and money order were returned to him under instructions to return them with the questionnaire properly executed or suffer his policy to lapse, he failed to make any reply to the insurer, and cashed the money order. When the company again wrote to him about the matter, advising him

---

[1] The policy contained this provision: "Reinstatement. This policy may be reinstated * * * upon evidence of insurability satisfactory to the company and the payment of all defaulted premiums with interest * * *."

that the policy had lapsed and that term insurance was automatically placed in force, he still made no reply. Although he lived for some years thereafter, he never communicated with the insurer, and never offered to pay any premiums.

When the insurer refused to make the reinstatement upon the evidence offered of insurability, and rejected the tender of payment therefor, Joyner cashed the money order, and consistently failed thereafter, despite insistence by the insurer, to take any further action. These circumstances plainly show that he acquiesced in the action of the company.[2]

The judgment appealed from is affirmed.

[2] Ætna Life Ins. Co. v. Dodd, 8 Cir., 103 F.2d 793. Cf. Finley v. New Brunswick Fire Ins. Co., C.C., 193 F. 195; Insurance Co. of North America v. McWilliams, Tex.Civ.App., 218 S.W. 80; Transcontinental Ins. Co. of New York v. Frazier, Tex.Civ.App., 60 S.W.2d 268; Stuyvesant Ins. Co. v. D. C. Herndon & Co., Tex.Civ.App., 73 S.W.2d 543. See, also, Kincaid v. New York Life Ins. Co., 5 Cir., 66 F.2d 268; Lanier v. New York Life Ins. Co., 5 Cir., 88 F.2d 196; Franklin Life Ins. Co. v. Parrish, 5 Cir., 109 F.2d 276.